[Civ. No. 2683. First Appellate District, Division One.—November 26, 1918.]

WILLIAM HARTIGAN, Petitioner, v. PACIFIC GAS & ELECTRIC COMPANY, Respondent.

PUBLIC UTILITIES — MANDAMUS TO COMPEL SERVICE — DEMURRER.—A petition for a *mandamus* to compel the furnishing of a public utility which does not allege compliance by the petitioner with the rules and regulations of the state railroad commission is defective, and a demurrer thereto will be sustained.

ID.—LEAVE TO AMEND REFUSED.—In such case where from the admissions of counsel it is apparent that the petition cannot be truthfully amended, leave to amend will be removed.

APPLICATION for Mandamus to compel the furnishing of gas and electricity.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Petitioner.

W. B. Bosley and Leo H. Susman, for Respondent.

THE COURT.—Petition for writ of mandate commanding the respondent to furnish to the petitioner its service of gas and electricity.

The court is of the opinion that the petition for the writ is deficient in its failure to state that the petitioner had complied with the rules and regulations formulated by the railroad commission under the Public Utilities Act of this state, the commission being given statutory control of the subject matter involved in this particular proceeding. For that reason the demurrer to the petition will be sustained, and leave to amend will not be granted in view of the admission of counsel for the petitioner that the petitioner has not complied with such rules and regulations. It would be idle to grant leave to amend, because the fact not existing, the petition could not be amended so as to truthfully allege it.

Aside from this, it has been disclosed upon the hearing of the application, that this writ was applied for in the first instance to the superior court of the city and county of San Francisco, and that upon an issue of law being joined in that proceeding by the interposition of a demurrer to the petition, the court sustained the demurrer without leave to amend, upon which, and before the entry of judgment, the petitioner dismissed the proceeding in that court so that he might apply here for a similar writ to enforce the same alleged right. Under those circumstances this court will not entertain the application.

For the reasons first given the demurrer is sustained without leave to amend, and for the reason last given the writ is dismissed.