[Civ. No. 3545. First Appellate District, Division One.—September 29, 1920.]

## HELEN V. LANE, Appellant, v. PACIFIC GAS & ELECTRIC COMPANY (a Corporation), Respondent.

[1] Gas Corporations — Discontinuance of Service — Failure of Consumer to Comply With Rule of Railroad Commission—Defense to Action for Damages.—The failure of a gas consumer to comply with rule 6 of the Railroad Commission, providing for the deposit of the amount of a disputed bill for service with the commission upon request of the public utility in order that the commission might investigate the facts and communicate its findings to the parties, is a complete defense to an action for damages for discontinuance of service.

[2] Id.—Construction of Rule—Meaning of Terms "Metered" and "Measured."—The terms "metered" and "measured" are used in rule 6 of the Railroad Commission to distinguish service paid for by quantity from that paid for at a flat rate.

[3] Id.—Validity of Rule—Public Utilities Act.—Rule 6 of the Railroad Commission is not void because of the provisions of sections 13 and 73 of the Public Utilities Act, which give patrons of gas companies rights of action for illegal acts committed by the public utility.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Reisner & Honey for Appellant

Thos. J. Straub, Wm. B. Bosley and Stanley Moore for Respondent.

BEASLY, J., *pro tem.*—This is an action for damages for the discontinuance by defendant of the service of gas to plaintiff's premises.

The defendant had a verdict from a jury, and from the judgment entered upon it the plaintiff appeals.

The pertinent facts of the case are few; the questions of law arising therefrom simple. A meter was installed by defendant on plaintiff's premises on January 18, 1918, for

measuring the gas used by plaintiff. The defendant supplied gas to plaintiff measured through this meter until February 24, 1919. During this period defendant presented bills monthly to plaintiff for the gas consumed as indicated by this meter, and these bills were paid by plaintiff. About December 13, 1918, defendant discovered that the meter did not register correctly, and installed on that date a new meter. This new meter registered more gas than the old meter. Thereupon the defendant estimated a quantity of gas which it claimed plaintiff had used in excess of that registered by the former meter during the time the latter was in operation, and presented a bill of $26.30 for the same. Plaintiff disputed the bill and refused to pay it. She was willing to pay for all gas registered by the meters, new and old, but not for this estimated quantity above the readings of the meters. Thereupon defendant demanded by letter that the plaintiff deposit the $26.30 thus claimed with the Railroad Commission, and submit the controversy between the parties to that body for decision. This she refused to do, and defendant thereupon shut off her gas. She then brought this action to recover from the defendant $25,045.50 as damages.

In course of the trial the defendant offered rule 6 of the Railroad Commission in evidence, and it was admitted. The court also gave to the jury the following instruction as to the effect of this rule upon the rights of the parties: "I instruct the jury that the following rule and regulations on the subject of the disputed bills has been established for the guidance of the defendant and its consumers by the Railroad Commission of the state of California: 'A water, gas, electric, or telephone utility may not discontinue service by reason of nonpayment of bills for metered or measured service theretofore delivered, in cases in which there is a dispute as to the amount of the bill. In case of such dispute the consumer shall deposit with the Railroad Commission the amount claimed by the utility to be due, whereupon the Railroad Commission will investigate the facts and communicate its findings to the parties. Failure of the consumer to make such deposit within fifteen days after demand by the utility that such deposit shall be made, shall warrant the utility in discontinuing the service.' And I further instruct you that the defendant and its consumers are bound and

controlled by the above regulation of the Railroad Commission. If you believe in this case that there was a dispute between the plaintiff and the defendant as to the correct amount of the bill rendered by the defendant for gas service from June 1 to December 13, 1918, claimed to have been furnished to the plaintiff, and that thereafter the defendant notified the plaintiff to deposit with the Railroad Commission of the state of California the amount claimed by the company to be due in order that the Railroad Commission might investigate the facts and communicate its findings to the parties, and that the defendant notified the plaintiff that the service would be discontinued if she failed to deposit such amount with the Railroad Commission or pay the same within fifteen days after the defendant's notice so to do; and that after receiving said notice the plaintiff. failed for said period of fifteen days thereafter to either deposit the amount of the disputed bill with the Railroad Commission or to pay the same, or any part thereof, then and under such circumstances the court instructs the jury that the defendant was justified at the end of fifteen days in discontinuing the service without further notice."

Upon the admission of the rule in evidence and the above instruction predicated thereon the plaintiff bases her demand for a reversal of the judgment.

[1] Neither the admission of the rule in evidence nor the instruction was erroneous. Pursuing the course laid down by the rules of the Railroad Commission in the matter was a complete defense to this action. This court so held in *Hartigan* v. *Pacific Gas & Electric Co.*, 38 Cal. App. 763, [177 Pac. 484]. In deciding that case, the facts of which were in most respects similar to this, this court said: "The court is of the opinion that the petition for the writ is deficient in its failure to state that the petitioner had complied with the rules and regulations formulated by the Railroad Commission under the Public Utilities Act of this state (Stats. 1911, Ex. Sess., p. 18) ; the commission being given statutory control of the subject matter involved in this particular proceeding. For that reason the demurrer to the petition will be sustained."

[2] The plaintiff contends, however, that rule 6 is not applicable to this case because, as it is claimed, it covers only "metered" and "measured" service, and that the gas

here charged for was neither metered nor measured.   The
terms "metered" and "measured" are used in the rule to
distinguish service paid for by quantity from that paid for
at a flat time rate.   The Railroad Commission so decided in
its case number 683.   In that decision the Railroad Com-
mission divides all services rendered by public utility com-
panies, such as gas companies, into two kinds or classes
only, to wit, (a) metered service, by which is meant all
service for which the consumer pays according to the amount
of the commodity used by him; and (b) unmetered service, by
which is meant service paid for at a flat rate per month,
regardless of the quantity of the commodity actually con-
sumed.   This distinction seems to us reasonable, and inter-
preted in the light of it rule 6 must be held to include the
claim involved in this case.   [3]   Nor can we agree with
the contention of plaintiff that this rule is void because of
the provisions of sections 13 and 73 of the Public Utilities
Act.   Those sections give patrons of gas companies rights of
action for illegal acts committed by the public utility; but
in making this rule the commission acted within its authority
(*Hartigan* v. *Pacific G. & E. Co., supra; Pacific Tel. & Tel.
Co.* v. *Eshleman,* 166 Cal. 640, [Ann. Cas. 1915C, 822, 50
L. R. A. (N. S.) 652, 137 Pac. 1119]; Const., art. XII, sec.
23), and if the facts were as above recited—which is not
disputed—the defendant corporation was acting strictly
within its rights when it shut off the plaintiff's gas after
she had refused to comply with its demand that she submit
her controversy to the commission.   This much may be
further said concerning this rule: it was formulated for the
convenience and protection mainly of consumers, to prevent
the purveyors of gas or water from shutting off the con-
sumers' supply pending the decision of controversies as to
their bills.   The consumer can under the rule deposit the
amount of the company's claim with the commission, and
litigate the dispute before it, his supply being in the mean-
time continued, thus escaping the hardship of having his ser-
vice cut off—an act of public utility concerns which fre-
quently, from a practical standpoint, deprived the consumer
of his remedy by appeal to the tedious processes of the
regularly constituted courts in matters where the sums
involved were usually trivial.

From all this it appears that the admission of the rule in evidence and the instruction based thereon were proper.

The slip of the tongue on the part of Judge Hunt (for such it appears to have been) by which he referred to this rule as a statute of the state could not have prejudiced the plaintiff's case before the jury. Whether statute or rule, it was binding on them.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.