[Civ. No. 3817.  Second Appellate District, Division One.—January 30, 1922.]

## LOUISE FOSTER, Petitioner, v. WILLIAM I. TRAEGER, Sheriff, etc., et al., Respondents.

[1] MANDAMUS—ISSUANCE OF WRIT—RIGHT OF APPEAL.—A writ of mandate will not issue where there is a plain, speedy, and adequate remedy in the ordinary course of law, and, as general rule, the right of appeal constitutes such remedy.

[2] ID.—DENIAL OF WRIT BY SUPERIOR COURT—EFFECT OF.—A writ of mandate will not issue out of the supreme court or a district court of appeal when an application for such writ has been denied by the superior court.

[3] ID.—REDELIVERY OF PERSONAL PROPERTY BY SHERIFF—PREVIOUS PROCEEDING IN SUPERIOR COURT—REMEDY BY APPEAL.—A writ of mandate will not issue out of the district court of appeal to compel a sheriff to redeliver personal property taken into his possession in an action of replevin, where the petitioner has previously made application to the superior court for such redelivery and the application has been denied, since the order denying the relief is a "final judgment" for the purposes of an appeal.

PROCEEDING on application for a Writ of Mandate to compel delivery of personal property taken in an action of replevin.  Dismissed.

The facts are stated in the opinion of the court.

Kemp & Clewett and E. L. Foster for Petitioner.

Abrahams & D'Orr for Respondents.

CONREY, P. J.—On verified petition filed herein, an alternative writ of mandate was issued requiring that the respondents deliver to the petitioner certain personal property, to wit, a ring set with diamonds which had been taken into possession by the sheriff by reason of claim and delivery proceedings in an action of replevin, or that respondents appear and show cause why a peremptory writ should not be granted. The respondents, together with the answer contained in their return to the alternative writ, have demurred to the petition on the ground that said petition does not state facts sufficient to entitle the petitioner to the relief demanded, and on the further ground that it appears from the petition that a proceeding was commenced and determined in the superior court between the parties hereto for the same cause and that judgment was made and rendered by the superior court in that proceeding on the second day of December, 1921.

The petition shows that upon the same state of facts relied upon by petitioner to show her right to possession of said personal property, the petitioner did, in said action of replevin, apply to the superior court for an order directing the sheriff to retake possession of the property which theretofore he had redelivered to the defendant, and deliver possession thereof to the plaintiff. An order to show cause was issued and return made thereon by the sheriff and the defendant Abrahams. At a hearing by the court of the said matter, the court "dismissed the same, holding that it was unnecessary for the defendant to justify the surety or sureties upon a redelivery bond, as required by sections 514 and 515 of the Code of Civil Procedure." The redelivery bond was an undertaking executed by a surety corporation.

[1] A writ of mandate will not issue where there is a plain, speedy, and adequate remedy in the ordinary course of law. As a general rule, the right of appeal constitutes such remedy. [2] A writ of mandate will not issue out of the supreme court or a district court of appeal when an application for such writ has been denied by the superior court. (*Knowles* v. *Thompson*, 133 Cal. 245 [65 Pac. 468]; *Hartigan* v. *Pacific Gas & Elec. Co.*, 38 Cal. App. 763 [177 Pac. 484].)

[3] The proceeding on the petition for an order to show cause in the superior court, while not in the form of an

application for a writ of mandate, was in substance and effect the same as an application for a writ of mandate. Although the order of court denying the relief demanded in that proceeding was not one of the orders mentioned in section 963 of the Code of Civil Procedure, it was a "final judgment" within the meaning of those words as used in subdivision 1 of that section. It was in effect a final judgment against the petitioner "in a collateral proceeding growing out of the action—is so far independent of the suit itself as to be substantially a final decree for the purposes of an appeal, although there has been no final decree in the suit." (*Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753 [96 Pac. 803].) Although the sheriff was not a party defendant in the replevin action, he was a party to the record so far as the collateral proceeding on the order to show cause was concerned, since he had been brought in as such party by the order to show cause. It follows that the order, being in effect a final judgment in that proceeding, was entirely subject to the right of appeal. (*Elliott* v. *Superior Court,* 144 Cal. 506 [103 Am. St. Rep. 102, 77 Pac. 1109].)

We are of the opinion that the demurrer to the petition should be sustained. Since the facts to which we have referred are admitted, it would be useless to grant leave to amend. It is therefore ordered that the demurrer be sustained and the proceeding dismissed.

Shaw, J., and James, J., concurred.