STATE EX REL. VAN PATTEN, ET AL. v.
L. N. ELLIS, ET AL.*
(No. 1338; October 5, 1927; 259 Pac. 812)

(Rehearing denied January 31st, 1928)

SCHOOLS AND SCHOOL DISTRICTS—ACTION OF ANNUAL MEETING TAKEN AFTER ADJOURNMENT IS VOID—ACTION OF DISTRICT BOARD WITHOUT NOTICE TO ONE MEMBER VOID—MANDAMUS.

1. Attempted action of school district's annual meeting in directing payment of certain amounts to relators, under Laws 1923, c. 51, *held* void, where regular meeting had been finally adjourned before action was taken, in view of Comp. St. 1920, §§ 2239, 2254, 2294; Laws 1923, c. 19, § 1.

2. Action of school district board in directing payment of certain amounts to relators, under Laws 1923, c. 51, *held* illegal, where one member of board did not receive notice of time and place when and where action would be taken.

3. Mandamus will not generally be granted to coerce discretionary action on part of public officer or board, or require performance of act, where legal right thereto is not clear and complete.

*See Headnotes:   (1) 35 Cyc. p. 876 n. 61 New; (2) 35 Cyc. p. 904 n. 39; (3) 38 C. J. p. 582 n. 71; p. 593 n. 49.

APPEAL from District Court, Fremont County; CYRUS O. BROWN, Judge.

Mandamus by the State, on the relation of Charles Van Patten and another, against L. N. Ellis and others, Trustees of School District No. 11, in Fremont County, and another. From an order favorable to relators, defendants appeal. Rehearing denied; See 263 Pac. 105.

*M. C. Burk*, Riverton, Wyoming, for appellants.

Chapter 51, L. 1923 amending Chapter 132, L. 1921, amending Section 2249 C. S. is void, being in conflict with Article III, Sec. 24 of the Constitution. The attempted acts of the annual meeting of the District Board are also void. The title of Chapter 132 L. 1921 is misleading and void. Re Fourth Judicial District, 4 Wyo. 133. The subject matter of the Act does not conform to its title. The record does not disclose grounds for mandamus. Payment of tuition, board and room of pupils is within the discretion of the District Board. The office of the writ of mandamus is defined by Statute, Secs. 6316-6317 C. S.; State ex rel. v. Board, 4 Wyo. 126; State ex rel. v. Board, 7 Wyo. 478. Discretionary powers are also delegated by the Constitution, Art. VII, Sec. 8 Const. School District officers have no powers except such as are conferred, 24 R. C. L. 568; Board v. Best, 51 O. St. 138; such powers are prescribed by statute, Secs. 2239, 2240, 2247 C. S.

School money is a trust fund, Appel v. State, 9 Wyo. 187; only ministerial acts may be enforced by mandamus, 18 R. C. L. 121. The annual meeting did not vote the money; notice and powers of such meeting are defined by statute, Sec. 2294 C. S.; 35 Cyc. 871; 24 R. C. L. 576. The court erred in denying defendants' motion to dismiss the action. The court erred in receiving testimony as to matters of opinion and custom which was wholly immaterial.

*John J. Spriggs,* for respondents.

The annual meeting and the trustees acted under authority of Chapter 132 L. 1921; prevailing conditions are ascertained from matters of general knowledge. Under the laws providing for compulsory education, it is the duty of school officials to provide facilities for the pupils. Williams v. Board, 22 L. R. A. (N. S.) 587; Wilkinson v. Lord, 24 L. R. A. (N. S.) 1104. It was voted to send these pupils to Lander and defendant trustees, who were present, cannot complain. Parker v. District (Wyo.) 101 Pac. 944. The Board had authority to make contracts, Sec. 2247 C. S. The amendment of 1921 is valid, State v. Court, 124 Pac. 484. The restriction, requiring the subject of an act to be expressed in its title, should be reasonably construed. McClure v. Riley, 243 Pac. 429. Identification of the original Act by its title is sufficient. State v. Armstrong, 243 Pac. 337; Lewis Suth. Stat. Constr. (2nd Ed.) 137. Mandamus will issue to compel the performance of legal duties. State v. Forsythe, 133 Pac. 521; Winsor v. Hunt, 243 Pac. 409. The writ lies to compel the performance of legal duties. Welleston v. Matthews, 230 Pac. 739; Cook v. Reid, 183 Pac. 820; State v. Seattle, 242 Pac. 966; Stewart v. Board, 230 Pac. 505. An appellate court will not interfere with a case erroneously tried where the result is correct. Geary v. Prudhomme, 243 Pac. 102. The interpretation of a statute should carry out the legislative intent. State v. Romero,

125 Pac. 621; State v. Martin, 103 Pac. 840; State v. High, 130 Pac. 614; State v. Hooker, 109 Pac. 529; Hicks v. Krigbaum, 108 Pac. 484; Burton v. U. P. Coal Co., 107 Pac. 397; Hilborne v. Nye, 114 Pac. 803. Plaintiffs asked for attorneys' fees and damages; the statute provides for damages (6328 C. S.); this includes attorneys' fees. Peterson v. City, 120 Pac. 483; Elliott v. Crystal Springs Oil Co., 187 Pac. 692.

Before BLUME, Chief Justice; METZ and RINER, District Judges.

RINER, District Judge.

This was a suit in mandamus brought in the District Court of Fremont County on the relation of Charles Van Patten and Albert Myers to compel L. N. Ellis, as clerk of the School Board of School District No. 11 in said county, to draw and deliver to relators warrants in their favor in the sum of $180.00 to each, and also to pay certain sums alleged to be due relators on account of certain proceedings claimed to have been had by said School District and its School Board.

By a second cause of action in Relators' petition a declaratory judgment was sought to interpret the rights claimed by Relators under said proceedings. L. N. Ellis, Mrs. John Auer, Mrs. Grover Latimer, trustees, of said School District No. 11, and the District itself were joined as defendants.

Relators allege in the first cause of action in their petition in substance: That the persons last above named were the trustees of School District No. 11 aforesaid, Ellis being the secretary, and Mrs. Latimer being the treasurer; that said School District is one of the regularly organized districts of Fremont county, Wyoming; that Relators are residents and taxpayers in said District and have families wherein are children eligible as pupils in the elementary schools of said District and county; that it is necessary

for said District to maintain a separate school near their residences for said children unless they can be sent to school in another district in said county, which can be done reasonably and at less expense to the District in which they reside; that at the regular annual meeting of said District No. 11 held June 18th, 1923 it was regularly voted that School District No. 11 should pay Relators forty-five dollars per month to each for a period of nine months, being the school term of the District for the years 1923-1924, for the purpose of paying part of the board and room and expense of sending the elementary school pupils of Relators to school in School District No. 1 at Lander, Wyoming; that thereafter the School Board of School District No. 11 contracted with Relators to make these payments to them in lieu of maintaining a separate school for these pupils in said District No. 11; that Relators pursuant to said contract sent their elementary school pupils to school in School District No. 1, and maintained them there at expense in excess of the sums agreed to be paid by said District No. 11; that the members of said School Board have at times promised to pay said sums, but have neglected and refused to do so; that on January 10th, 1924 said School Board ordered payment of the amounts due to that date to be made—$180.00 to each of the Relators— and also directed all amounts to become due to be paid in due course, and passed a motion to that effect which is set out verbatim; that the warrants for these amounts and for the sums due under the contract claimed have never been drawn, and the said L. N. Ellis failed, neglected and refused to draw said warrants and to pay said sums claimed to be due.

The prayer of the petition for a writ of mandamus has been summarized above. The substance of the second cause of action has also heretofore been indicated.

Upon this petition an alternative writ of mandamus was issued pursuant to due order made, and thereafter a

general demurrer for failure to state a cause of action was interposed by defendants as to each cause of action in plaintiffs' petition. Misjoinder of causes of action was also set out in said demurrer. The demurrer was overruled by the court, an exception to this ruling being allowed. Defendants then filed a general denial and the cause proceeded to trial. Upon its conclusion the court found that School District No. 11 had agreed to pay Relators the amount and for the purpose as set out in Relators' petition, and an order was accordingly made directing the issuance of a peremptory writ of mandamus requiring the payment of $405.00 principal sum and $31.00 interest to each of Relators. From this order a direct appeal to this court has been prosecuted to secure a review thereof.

It appears from the record that the annual School District meeting of School District No. 11 occurred on June 18th, 1923; that among other business transacted the matter of sending the Myer and Van Patten elementary school pupils to Lander, in School District No. 1, was discussed, but that no action thereon was had; that the meeting was thereafter adjourned; that a short time after the adjournment some one of the electors—it is not quite clear who—undertook to call the meeting in session again; that at that time most of the electors were without the building where the meeting had been held and were preparing to leave for home; that several had gone home; that pursuant to this call a majority of the electors who had attended the previous meeting assembled and voted that "Albert Myers & Chas. VanPatten receive from Dist. No. 11 $45.00 a family for 9 mo. term to send children to Lander school in the grade school"; that several electors who may, or may not, have heard the call for this last meeting, did not attend, but remained outside of the building.

It also appears from the record that the elementary school pupils of Relators were duly sent to school in the

Lander school district during the succeeding school year
of 1923-1924; that nothing was done about paying the
$45.00 per month to Relators until in January, 1924, when
two of the members of the School Board came together
and at the request of Relators signed a certain paper pur-
porting to be the minutes of a School Board meeting, the
paper being dated January 10th, 1924.

It further appears from the record that the School
Board of District No. 11 was never convened in meeting
when the motion to pay $45.00 per month to each Charles
VanPatten and Albert Myers for sending their elementary
school pupils to the Lander district school was voted upon,
as recited in said proceedings; that the record of the pro-
ceedings in that respect, which was offered in evidence on
the trial, being the paper above referred to, was brought
already prepared to two members of the Board—Mrs.
Auer and Mrs. Latimer—by the Relators, and that said
two members signed the same in the spaces left for that
purpose in said paper; that only these two members of the
Board were present when their signatures were affixed,
the third member, L. N. Ellis, being absent; that there-
after upon this paper being presented to him for signature,
he declined to sign same; that all members of the Board
agreed in their testimony that Mr. Ellis, though in the
District, was never notified to be present at the time and
place when and where the proceedings already mentioned
were undertaken by the other two members of the Board;
that but one meeting where all three members of the Board
had been present had ever been held, that being for the
selection of teachers; that some of the routine business of
the Board, such as securing signatures on warrants, was
transacted by sending papers from one member of the
Board to another without meeting together, and without
any objection being made.

It is contended on behalf of appellants that Chapter 51
of the Session Laws of 1923, which purports to empower

School District boards to "pay from the funds of the district, tuition and all or part of the board and room" of elementary school pupils "when they can be better provided for in other districts," is unconstitutional, as being in contravention of Sec. 24, Art. 3, of Wyoming's Constitution, which forbids the passage of a legislative bill "containing more than one subject, which shall be clearly expressed in its title." It is also insisted that the attempted action of both the School District's annual meeting and the District Board in directing payment of the amounts sued for is void, because the meetings of these bodies, at which such action was had, were illegal.

Taking up for consideration first the contention last mentioned, it may be noted that the statute above referred to appears to vest the power to make payments for the tuition, board and room of elementary pupils when they are sent to a district other than that of their residence, in the district board. Section 2239, Comp. Stat. Wyo. 1920, defining the powers of a District meeting, does not seem specifically to grant that body the power conferred by Chap. 51 of the Session Laws of 1923, to which reference has been made. But assuming that it did, it is quite clear from the record in the cause, that the regular annual meeting of School District No. 11 had come to a close and had been, by vote of the assembled electors, finally adjourned. Nothing other than mere discussion occurred, so far as the matter of paying for the expenses of the pupils in question attending school out of their own district is concerned. Authority to pay these expenses was not granted at that meeting. There is but one annual meeting of school districts provided for under the statutes of our State. Chapter 19, Session Laws Wyoming, 1923, Sec. 1. All others necessarily must be special meetings. Sec. 2254, Wyo. Comp. Stat. 1920 provides:

"They (the district board) shall, upon the written request of five legal voters of the district, or whenever they deem it expedient, call special meetings thereof; but in all such cases the notice of such meeting shall clearly state the precise object for which it is called, and time and place at which it is to be held."

Sec. 2294, Wyo. Comp. Stat. 1920, provides:

"The district clerk shall give ten days previous notice of all regular and special meetings of the district, herein authorized, by posting up a written notice in three different places therein; and shall furnish a copy of the same to the teachers of each school in the district, to be read once in the presence of the pupils thereof."

While it is true that proceedings relative to school matters are oftentimes rather informal, yet certain essential rules to preserve rights must be obeyed.

It is plain that these sections of the statutes were not obeyed in summoning the meeting of the electors held subsequent to the regular annual meeting. No question of waiver of these statutory requirements, through the voluntary presence of all electors, arises here. Some of them had gone home. Others paid no attention to the informal call for a meeting. They were not obligated to do so. The principles and authorities as to school board meetings, to be presently mentioned, are logically applicable to this phase of the case. See also State ex rel. Coon, et al., v. Orr, et al., 184 N. W. (Iowa) 326. We do not think that the last meeting attempted to be held was a legal meeting of the electors of School District No. 11, and, consequently, there was no legal authorization by said electors that the funds of the District should be used for defraying the expenses of the elementary school pupils of Relators.

Reviewing the alleged action of the School Board of School District No. 11 in directing payment of these expenses, in 24 R. C. L. 576-577, Sec. 25, it is said:

"It is an elementary principle that when several persons
are authorized to do an act of a public nature, which re-
quires deliberation, they all should be convened, because
the advice and opinions of all may be useful, though all
do not unite in opinion. Therefore matters requiring the
action of a school board must be considered at a meeting
properly held. An informal action or agreement without
a regular meeting is invalid, and will not bind the district.
But the powers of school officers, as in the case of public
officers generally, may be exercised by a majority, even in
the absence of the others, or against their express will,
provided due notice of the meeting at which the action
takes place has been given to all."

This rule has been applied to the selection of teachers
by a school board. See Ryan v. Humphries, 150 Pac.
(Okla.) 1106; L. R. A. 1915 F, 1047-8, and note with ex-
tensive list of cited cases, where it is said:

"It is an elementary principle that, when several per-
sons are authorized to perform a public service, or to do
an act of a public nature, as an organized body, which
requires deliberation, they should be convened in a body,
that they may have the counsel and advice of every mem-
ber, although they are not all of the same opinion as to
the matter in hand. Accordingly, the great weight of
authority is to the effect that, in order for a school board
to bind the district in the employment of teachers, it is
necessary that the members of the board act as a board,
and that to do so it is imperative that all meet together,
or at least be notified of such meeting, and have an oppor-
tunity to meet together, to consult over the employment
of such teachers."

It is also applied to the actions of municipal councils.
See Knoxville v. Knoxville Water Co., 107 Tenn. 647,
61 L. R. A. 888, where appears an elaborate review of the
authorities dealing with the rule, and in the opinion the
following language is found:

"The general rule is that every member of a municipal council is entitled to reasonable notice of special meetings, and that no important action can be lawfully done by such meeting unless such notice has been given, or unless the members not notified actually attend, and participate in the business of the meeting."

In that case it was held that notice need not be given as the council member was without the confines of the state. It is difficult to see any difference on principle between the matter of employing teachers by the school board and the matter of the board expending the funds of the District to pay board, room and tuition of puplis to be schooled without the district. Both matters require the exercise of discretionary action on the part of the school board as a board. The statutes of the State vest the school board with the power to select the teachers. That power is not committed to the individuals who make up the board. That, also, is clearly true of Chap. 132 of Session Laws of Wyoming 1923; its language is:

"When elementary school pupils can be better provided for in other districts * * * the district board * * * shall have power to pay."

As it is undisputed that one member of the School Board of School District No. 11 did not receive notice of the time and place when and where action would be taken on the matter of paying part of the expenses of sending Relators' elementary school pupils without the District, it seems to us that the action taken by only two members of the Board, the other being absent and unnotified, was their individual act and not binding upon the Board or the District.

Mandamus will not generally be granted to coerce discretionary action on the part of a public officer or board or to require the performance of an act where the legal right thereto is not clear and complete. Marsh v. State

Board of Land Commissioners, 7 Wyo. 478, 53 Pac. 292; Board v. United States ex rel. Reynolds, 18 Wallace 71, 21 L. Ed. 771.

These being our conclusions upon the contention of appellants just considered, it becomes unnecessary to determine whether Chapter 51 of the Session Laws of Wyoming 1923, is unconstitutional.

It follows, therefore, that the order of the District Court allowing the issuance of a peremptory writ of mandamus should be reversed and the cause remanded to that court with instructions to dismiss the action.

*Reversed and Remanded.*

BLUME, Chief Justice, and METZ, District Judge, concur.

ON PETITION FOR REHEARING

RINER, Justice.

Respondents have filed a petition for rehearing in this case, but no questions not considered and disposed of in the opinion handed down are presented. Counsel simply views the evidence in the record in a light different from that in which this court sees it. It would serve no useful purpose to retraverse the ground already passed over, convinced as we are that a correct result was reached in our former decision filed herein. Accordingly, the petition for rehearing is denied.

*Rehearing denied.*

BLUME, C. J., and METZ, District Judge, concur.