[Civ. No. 16838. Second Dist., Div. Two. Feb. 16, 1949.]

DR. C. A. LINDQUIST et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Musick, Burrell & Ingebretsen, Anson B. Jackson, Jr., Chase, Rotchford, Downen & Chase and Hugh Rotchford for Petitioners.

Harold W. Kennedy, County Counsel, Douglas DeCoster, Deputy County Counsel, Martin, Hahn & Camusi and Jones, Thompson & Kelly for Respondents.

MOORE, P. J.—In September, 1946, respondent Huffman commenced an action against petitioners Dr. Lindquist and the Lutheran Hospital Society of Southern California for malpractice and negligence in the care and treatment of her deceased son for injuries which he had sustained in a collision with the automobile of respondent DeLand. In February, 1947, Huffman instituted a second action against DeLand and others for the negligent operation of the automobiles involved in the accident. On July 29, 1947, Huffman moved that the two actions "be consolidated into one." The motion having been granted without opposition, a jury trial ensued before the Honorable Paul Vallée, then a judge of the Superior Court of Los Angeles County.

On August 10, 1948, at the close of plaintiff's case Dr. Lindquist and the Lutheran Hospital separately moved the court for judgments of nonsuit in their favor. Both motions were granted and judgments of nonsuit entered. The trial proceeded to a verdict and judgment in favor of Huffman and against DeLand only. On August 13, DeLand served on Huffman only a notice of intention to move for a new trial. On the same day the Honorable Paul Vallée was appointed to the District Court of Appeal and took the oath of office August 14. On September 20, Huffman filed and served notice of appeal from the judgments of nonsuit previously entered. On August 25, Huffman stipulated to the granting of De-Land's motion for a new trial, and on the same day the presiding judge by order vacated the judgment entered against DeLand and granted the motion for a new trial. On September 30, 1948, Huffman, in consideration of a money settlement, executed a covenant not to sue or proceed further by execution on the judgment against DeLand.

Petitioners contend that the order granting a new trial was void as an act in excess of the court's jurisdiction with the result that the judgment theretofore entered remained in full force and effect and they ask that the order be annulled and that the superior court and its clerk be compelled to issue an execution to enforce the judgment. They cite section 661 of the Code of Civil Procedure which provides that "[t]he motion for a new trial shall be heard and determined by the judge who presided at the trial; provided, however, that in case of the inability of such judge, or if at the time noticed for hearing thereon he is absent from the county where the trial was had, the same shall be heard and determined by any other judge of the same court. . . ." They argue that since

Judge Vallée presided at the trial, he alone and no other judge of the superior court had jurisdiction to hear and determine the motion for a new trial. But Judge Vallée's resignation from the superior court presented a clear case of ''the inability of such judge'' to hear the motion, and it was therefore properly heard and determined by another judge of the same court. (*Telefilm, Inc.* v. *Superior Court,* 33 Cal. 2d 289, 295 [201 P.2d 811].)

The other grounds urged by petitioner are not properly raised upon this proceeding. Mandate will not issue where there is a plain, speedy and adequate remedy at law. Ordinarily, the right of appeal constitutes such a remedy. (*Foster* v. *Traeger,* 56 Cal.App. 339, 340 [204 P. 1089].) Neither will the writ issue to compel performance of acts which will have no legal effect. (*Hyde* v. *Wilde,* 51 Cal.App. 82, 85 [196 P. 118].) Petitioners have no interest in either the recovery by Huffman or in a defense of DeLand. There is no judgment outstanding against petitioners. On the contrary, the judgment of nonsuit in their favor is now on appeal. The timely disposition of that appeal will determine whether petitioners will be involved in further litigation with respondents herein, Huffman and DeLand. It is not the function of this court on considering a petition for mandate to anticipate the outcome of other actions and to determine questions which will arise only if the results of such actions are adverse to petitioners. Furthermore, the question whether the judgment vacated in the instant action is res judicata as to some future judgment which might never be entered against petitioners is entirely within the realm of conjecture and is not entitled to consideration on a proceeding in mandamus. There is no certainty that these questions will ever arise but, if they should, they will be duly disposed of by final judgment in the action in which they are presented.

The alternative writ of mandate heretofore issued is discharged, and the petition for a peremptory writ is denied.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied March 1, 1949.