STATE EX REL, JOHN J. SPRIGGS,

*Plaintiff, Relator and Appellant,*

vs.

J. F. SHIPTON, as County Treasurer of the County of Fremont, State of Wyoming,

*Defendant and Respondent.*

(No. 2671; August 2nd, 1955; 286 Pac. (2) 601)

240

Heard before Riner, Chief Justice; Blume, Justice, and Parker, District Judge.

For the plaintiff, relator, and appellant, the cause was submitted upon the brief of John J. Spriggs, Sr., and John J. Spriggs, Jr., both of Lander, Wyoming, and oral argument by John J. Spriggs, Sr.

For the defendant and respondent, the cause was submitted upon the brief of Smith and Nicholas of Lander, Wyoming, and oral argument by W. J. Nicholas.

PER CURIAM.

This case, number 2671 in this court (number 5200 in the trial court), consolidated for trial with case number 2670 in this court (number 6485 below), is an appeal from a judgment denying plaintiff's request for mandamus to force the issuance of a tax deed by the county treasurer. The original suit was brought against Charles M. Hall, county treasurer of Fremont County, and later, when Hall's term had expired, J. F. Shipton was substituted as defendant.

The facts, as they appear to this court, are that John J. Spriggs on December 7, 1932, paid for and received Certificates of Purchase covering certain mining claims located in Fremont County, which claims had pre-

viously been sold to Fremont County for delinquent 1928 and 1929 taxes. On July 17, 1934, prior to the time that the instant suit was filed, one Marshall Graham, receiver of Federal Gold Mining Company et al., had brought an injunction suit in the District Court of Fremont County, Wyoming, against Charles M. Hall, county treasurer of Fremont County, and had secured an injunction against Hall, reading in part as follows:

"NOW, THEREFORE, you, the said CHARLES M. HALL, AS COUNTY TREASURER OF FREMONT COUNTY, WYOMING, defendant, herein, are hereby restrained and enjoined from issuing a tax deed to the above described property under the Certificate of Purchase heretofore issued by the County of Fremont at the time of the sale of said property for taxes, being Certificate of Purchase No. A 4261, to Peter Sherlock or any other person or persons, and you are further restrained and enjoined from permitting the redemption of said property from said Certificate of Purchase, by any person or persons, whether as assignees of creditors of claims against the former owner or owners of said property, or otherwise."

Plaintiff herein was not made a party to the injunction suit and he did not intervene therein.

The trial court in the instant case on ex parte hearing issued an alternative writ of mandamus, and on final hearing vacated the alternate writ, giving judgment for the defendant, from which judgment plaintiff has appealed.

Although counsel stressed other matters, which the trial court may or may not have considered, the question which occurs to us as paramount is: Should a court consider and determine whether or not an official should be ordered to do something contrary to another order of the same court or a court of the same status?

Our statutes relating to injunction and those relating to mandamus are both similar to those of the State of

Ohio, a state much quoted in the law relating to the problem before us. For example, in 34 Am. Jur., Mandamus § 77, it is stated:

"Since the appropriate function of mandamus is to compel the performance of duties imposed upon the respondent by law, and not to coerce acts which the law prohibits, it would seem that the relief ought not to be granted to enforce the doing of an act which has been expressly forbidden by injunction, at least, where the applicant for mandamus was a party to the injunction suit. In denying mandamus in such cases, some courts take the view that the tribunal to which the application for the writ is made will not place the respondent between two fires by subjecting him to contradictory orders and thereby render him liable to punishment for contempt for violation of the injunction, even though the relator was not a party to the injunction suit."

Similar discussion occurs in Annotation, 148 A.L.R. 210, 220 (1944) in which the principal cases arise in Ohio.

To the same general effect is 55 C.J.S., Mandamus § 36:

"The fact that an injunction suit is pending against the particular person sought to be coerced has been held to be sufficient reason for refusing to issue a writ of mandamus. It has also been held that, if the act of performance sought to be compelled by mandamus has been restrained by injunction, the writ will not issue, and this has been held to be true even though the party seeking the remedy by mandamus is not a party to the decree of injunction, although there is also authority to the contrary."

A study of the previous authorities indicates that Ohio is one jurisdiction which has consistently refused mandamus in situations similar to the present one.

We are sure that the general rule, as above-stated and as followed in the State of Ohio, is logical and equit-

able. Even though this were not held to be true, we find no ground for the reversal of the trial court in this case. The law seems to be very clear that mandamus will not lie where the right is debatable of where there exists any doubt as to the propriety of its issuance. To that effect are many Wyoming cases, including State v. Schnitger, 16 Wyo. 479, 95 P. 698; State v. Van Tassell Real Estate & Live Stock Co., 53 Wyo. 89, 79 P. 2d 476; State v. Jones, 61 Wyo. 350, 157 P. 2d 993. The issuance of a writ of mandamus is a matter within the sound discretion of the trial court. 34 Am. Jur., Mandamus, §§ 40, 41, citing State v. Board of Land Commissioners, 50 Wyo. 181, 58 P. 2d 423, 62 P. 2d 516, and State v. District Court of Ninth Judicial District, 42 Wyo. 214, 292 P. 897, 71 A.L.R. 993. A refusal to grant mandate will not be disturbed on appeal unless there is an abuse of discretion which we do not find in this case.

The judgment is affirmed.

*Affirmed.*