Lawrence LeBEAU, Appellant
(Defendant below),

Charles Schindler, Water Commissioner of
Water Division No. I (Defendant below),

v.

The STATE of Wyoming, upon the Relation
of Bryan WHITE and Noel Hall,
Appellees (Applicants below).

No. 3093.

Supreme Court of Wyoming.

Jan. 7, 1963.

Jones & Jones and W. R. Jones, Wheatland, for appellant.

Clarence A. Brimmer, Jr., of Brimmer & Brimmer, Rawlins, for appellees.

Before PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

A peremptory writ of mandate was ordered by the District Court of Carbon County commanding Charles Schindler, as Water Commissioner of Water Division No. 1, District No. 9, to regulate the controlling works of Sand Lake Reservoir at all times in accordance with the priorities of right existing upon the Rock Creek watershed, in Carbon County, Wyoming, and further commanding such water commissioner to distribute the waters presently impounded in

Sand Lake Reservoir as a part of the natural waters of Rock Creek.

Lawrence LeBeau, a water user and one of the lessees of Sand Lake Reservoir, was named as a defendant in the district court proceedings. He and not the water commissioner brings the matter here on appeal. The question as to whether issuance of the writ of mandamus was properly ordered is presented by the appeal.

According to findings contained in the judgment, Commissioner Schindler permitted Sand Lake Reservoir to fill with water and impound 1,105 acre-feet of the waters of the Rock Creek drainage area, during the months of May and June, 1960. LeBeau opened the headgate of the reservoir about May 9, 1961, and from May 9 to May 13, 1961, he diverted the impounded waters into Canyon Ditch and out of the watershed of Rock Creek.

The alternative writ of mandamus, which was served on May 12, 1961, commanded LeBeau and Schindler to cease to divert the waters of Sand Lake Reservoir into Canyon Ditch and to distribute the waters of the reservoir to petitioners, Bryan White and Noel Hall; or in the alternative to close the headgate on the reservoir and show cause at a hearing set for May 29, 1961. The defendants followed the alternative of the preliminary writ and closed the reservoir headgate.

*Clear Ministerial Duty*

Counsel for White and Hall contends mandamus is a proper remedy to compel the performance of a "ministerial or administrative act," and that the water commissioner's duty in the instant case is clearly ministerial. In that regard our attention is directed to § 41–64, W.S.1957.

Insofar as pertinent to this case, it can be said this section makes it the duty of the water commissioner to do these things: (1) To divide the water of the natural streams of his district among the several ditches and reservoirs taking water therefrom, according to established priorities; and (2) to regulate the controlling works of reservoirs as may be necessary by reason of priorities of right existing from the streams of his district. In addition, the commissioner is given authority to regulate the distribution of water among the various users under any partnership or incorporated reservoir, where rights have been adjudicated.

Generally speaking, the writ of mandamus will issue only where the duty to be performed is ministerial and the obligation is peremptory and plainly defined. The law must not only authorize the demanded action but require it; and the duty must be clear and undisputable. United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 420, 51 S.Ct. 502, 75 L.Ed. 1148. See also Brack v. Bar Ass'n of Baltimore City, 185 Md. 468, 45 A.2d 102, 105.

The principal burden of the argument for issuance of a writ in this case is that water was illegally impounded in Sand Lake Reservoir, at a time when prior rights on Rock Creek were unsatisfied. Many pages of testimony were received by the district court on that subject and several pages of appellees' brief in this court have been devoted thereto. We do not pretend to say whether the trial court was correct or incorrect in concluding the water had been illegally impounded, but we do say the matter was in serious controversy and dispute.

As stated in 34 Am.Jur., Mandamus, § 55, pp. 847–848, in order to warrant the issuance of mandamus, not only must there be a legal right in the relator, but owing to the extraordinary and drastic character of mandamus and the caution exercised by courts in awarding it, it is also important that the right sought to be enforced be clear and certain, so as not to admit of any reasonable controversy. The writ does not issue in cases where the right in question is doubtful.

Wyoming has adhered to and followed this general rule in the following cases: State ex rel. Spriggs v. Shipton, 74 Wyo. 239, 286 P.2d 601, 602; State ex rel. Moore v. Van Tassell Real Estate & Live Stock Co., 53 Wyo. 89, 79 P.2d 476, 480; State ex rel. Cross v. Board of Land Commissioners, 50 Wyo. 181, 58 P.2d 423, 426, 62 P.2d 516; State ex rel. Tibbals v. District Court

of Ninth Judicial District in and for Fremont County, 42 Wyo. 214, 292 P. 897, 898, 71 A.L.R. 993, substitution of parties denied 43 Wyo. 173, 1 P.2d 74; State ex rel. Van Patten v. Ellis, 37 Wyo. 124, 259 P. 812, 815, 263 P. 105.

■ We are confident the courts of this state, if properly called upon to do so in an appropriate action, would be able to pass upon the question of whether LeBeau illegally impounded water from the Rock Creek watershed in Sand Lake Reservoir. However, mandamus cannot be made to serve the purpose of an ordinary suit. United States ex rel. McLennan v. Wilbur, supra. See also State ex rel. Moore v. Van Tassell Real Estate & Live Stock Co., supra; Saline Branch Drainage Dist. v. Urbana-Champaign Sanitary Dist., 395 Ill. 26, 69 N.E.2d 251, 253, 167 A.L.R. 1210; Manhattan Rubber Mfg. Division of Raybestos Manhattan v. Bird, 208 Ark. 167, 185 S.W.2d 268, 270, 159 A.L.R. 1257.

*Adequate Remedy at Law*

■ It becomes apparent, therefore, that mandamus is not the proper remedy for determining whether water has been illegally impounded. Moreover, petitioners are not in any event entitled to the writ applied for without a showing that they have no plain and adequate remedy at law.

In that regard, petitioners indicate they are cognizant of § 1–880, W.S.1957, which provides that a writ of mandamus must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law. Their attorney contends that release of the waters in dispute had been demanded of and refused by Schindler, the water commissioner; and that petitioners met on May 9, 1961, with the state engineer and water division superintendent, after which they were advised on May 10, 1961 the Attorney General of Wyoming had counseled the state engineer and division superintendent not to release the water.

■■ On that basis, counsel argues the applicants had exhausted "their administrative remedy" provided them under § 41–63, W.S.1957, by having made a verbal appeal to the division superintendent and to the state engineer. This argument fails to recognize that the reference in § 1–880 to a plain and adequate remedy "in the ordinary course of the law" comprehends more than the "administrative remedy" which petitioners claim to have exhausted. In fact, § 41–63 itself provides for an appeal to the district court.

■ It has been previously established in this jurisdiction that in the absence of good reason therefor mandamus cannot be resorted to as a substitute for an appeal. State ex rel. Walls v. State Board of Land Com'rs., 36 Wyo. 302, 254 P. 491, 493. Also, it is ordinarily held that the right of appeal is a plain, speedy and adequate remedy at law. Lindquist v. Superior Court in and for Los Angeles County, 90 Cal.App.2d 191, 202 P.2d 620, 621. As stated in the Walls case, the delays incident to an appeal do not ordinarily affect the adequacy of the remedy.

There is a suggestion that other plain and adequate remedies in the ordinary course of the law would include such actions as proceedings for restraining orders and injunctions to prevent alleged illegal impounding of water, and suits for damages following any alleged illegal impounding. While we are not impressed with the arguments made on behalf of the relators with respect to the inadequacy of these remedies, we do not need to discuss them because, in our view of the case, the issues involved cannot be disposed of in mandamus proceedings. On the other hand, such issues may be disposed of by appeal under § 41–63 or by an appropriate legal or equitable action.

*Disposition*

The peremptory writ of mandamus should not issue, and the case is reversed and remanded for denial of such writ.

Reversed and remanded.

BLUME, C. J., not participating.