The STATE of Wyoming on the relation of Edwin H. WHITEHEAD, Harry H. Schaefer, Clayton A. Trosper, Rae R. Martin, Louis Leichtweis, Burton Marston, KATI Corporation, and Ralph A. Urbigkit, Appellants (Plaintiffs below),

v.

Jack R. GAGE, Secretary of State of Wyoming, and Norman B. Gray, Attorney General of Wyoming, Appellees (Defendants below),

and

Dick Jones, Herbert D. Livingston, Craig L. Thomas and Joe Buckley, Interveners (As Defendants below).

No. 3143.

Supreme Court of Wyoming.

Jan. 7, 1963.

Walter C. Urbigkit, Jr., Cheyenne, for appellants.

Norman B. Gray, Atty. Gen., W. M. Haight, Deputy Atty. Gen., and Lowell O. Stephens, Asst. Atty. Gen., Cheyenne, for appellees.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

PER CURIAM.

The relators in this case are Wyoming voters and taxpayers. They seek a writ of mandamus against the secretary of state and attorney general to compel reapportionment of the Wyoming State Legislature. The writ was denied by the district court.

The petition here involved was filed June 18, 1962. It sought to compel the secretary of state to certify to the counties the number of senators and representatives to be

elected to the legislature in 1962, on a basis determined by applying to the 1960 Federal census the ratios fixed under the 1933 law in §§ 28–9 and 28–10, W.S.1957. In the alternative, petitioners prayed that certification be made in such a way that all senators and representatives in 1962 would be elected on a state-wide basis rather than on a county basis.

The district court entered its judgment on August 3, 1962, denying the writ, and this appeal has followed. In the meantime, a primary election was held August 21, 1962, and a general election was had November 6, 1962. These elections have resulted in the election of new members to the state legislature on a county basis and on the basis of ratios fixed by law in 1933.

*Effectual Remedy*

It is the contention of the secretary of state and attorney general, as appellees, that the events which have occurred subsequent to the commencement of this case render it impossible for the court to grant any effectual relief, making the case moot.

■ It is true, as stated in 55 C.J.S. Mandamus § 11, pp. 36–37, in order to warrant issuance of mandamus, it must appear the writ will be effectual as a remedy; and hence the writ should be denied where it would be useless, nugatory or unavailing by reason of events occurring subsequent to the commencement of proceedings. This controlling principle for mandamus suits has been previously announced in this jurisdiction in State ex rel. Schwartz v. Jones, 61 Wyo. 350, 157 P.2d 993, 995; in State ex rel. Moore v. Van Tassell Real Estate & Live Stock Co., 53 Wyo. 89, 79 P.2d 476, 478; and in State ex rel. Sullivan v. Schnitger, 16 Wyo. 479, 95 P. 698, 707.

*Clear Duty*

■ In LeBeau v. State ex rel. White, Wyoming, 377 P.2d 302, a decision of this court rendered simultaneously with this decision and not yet reported, we had occasion to discuss the use of mandamus as

a remedy and pointed out two things, viz : (1) The writ cannot be made to serve the purpose of an ordinary suit; and (2) it will issue only where the duty to perform is clear, certain and undisputable. In the LeBeau opinion we listed a number of Wyoming cases having to do with the need for a clear duty. The citations need not be repeated here.

■ As to whether the secretary of state and attorney general have a clear duty under the law to do what relators are here demanding, it certainly cannot be said that either has a clear and undisputable duty to assume a function which has not been imposed upon them.

Members of the Thirty-seventh Legislature are now elected. This legislature has not yet had opportunity to take such action as is necessary to comply with its duty under the state constitution. We must assume it will perform such duty. In the interim no effective remedy could be decreed in any event. Until the legislature meeting in January 1963 has had opportunity to apportion the composition of future legislatures, we need not consider what action might be necessary to bring about observance of the constitutional mandate for reapportionment.

*Constitutional Provisions*

Concerning the alternative request of petitioners for a mandate requiring the appellees to certify for election at large all state senators and representatives, there is no such duty imposed either by the constitution or by law upon the appellees. In fact, the idea is so clearly contrary to express constitutional provisions that it cannot be given serious thought. Art. 3, § 3, Wyoming Constitution, not only provides that each county shall constitute a senatorial and representative district, but it also provides that each county shall have at least one senator and one representative. In addition, both Art. 3, § 3, and Art. 3, § 48, Wyoming Constitution, require the legislature to be "apportioned" among the counties.

Counsel on both sides of the instant case freely admit some of the past legislatures have failed to fulfill their duty of adjusting the apportionment of senators and representatives, as required by the constitution. Both say courts are not without power to require that to be done which the constitution or fundamental law of the state clearly demands. With this we agree. Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 694 and 720, 7 L.Ed.2d 663; Scholle v. Hare, 367 Mich. 176, 116 N.W.2d 350, 357; Asbury Park Press, Inc., v. Woolley, 33 N.J. 1, 161 A.2d 705, 713.

As stated in the New Jersey Asbury case, at 161 A.2d 711, if the legislative branch fails to take appropriate action, the doors of the courts must be open to the voter for the purpose of securing to him his full constitutional franchise; and the lawmaking body cannot by inaction alter the constitutional system under which it has its own existence. In Wyoming, the power of the courts to compel "all state officers" to perform their duties is recognized in Art. 5, §§ 3 and 10, Wyoming Constitution, which confer jurisdiction upon the courts in mandamus as to such officers.

In Dyer v. Kazuhisa Abe, D.C.Hawaii, 138 F.Supp. 220, 236, this was said:

" * * * The whole thrust of today's legal climate is to end unconstitutional discrimination. It is ludicrous to preclude judicial relief when a mainspring of representative government is impaired. Legislators have no immunity from the Constitution. The legislatures of our land should be made as responsive to the Constitution of the United States as are the citizens who elect the legislators."

Wyoming constitutional provisions differ materially from those in other states where recent reapportionment cases are reported, and the solution of the problem in this state should be less difficult. Actually, the provisions of our constitution are quite clear, explicit and mandatory. They leave no room for confusion or doubt as to what the legislature is to do about reapportionment and when it is to do it.

■ Art. 3, § 48, provides at the session next following a state census or an enumeration made by the authority of the United States, the legislature shall revise and adjust the apportionment for senators and representatives, on a basis of such enumeration according to "ratios to be fixed by law." Standing alone this section might indicate a discretion on the part of the legislature to fix the ratios as it sees fit.

However, the section must be read in the light of and construed with Art. 3, § 3, which provides that the senators and representatives shall be apportioned among the counties "as nearly as may be" according to the number of their inhabitants. There is in § 3 the further qualification that each county shall have at least one senator and one representative and that the number of representatives shall not be less than twice nor more than three times the number of senators.

■ Courts cannot compel members of the legislature to agree on matters left to their discretion; but courts can provide an alternative remedy, in order to secure to the people their constitutional rights, if there is continued failure on the part of the legislature to reach agreement. Asbury Park Press, Inc. v. Woolley, supra; Donovan v. Holzman, 8 Ill.2d 87, 132 N.E. 2d 501, 506; State ex rel. Thomson v. Zimmerman, 264 Wis. 644, 60 N.W.2d 416, 424, 61 N.W.2d 300; Attorney General v. Secretary of Commonwealth, 306 Mass. 25, 27 N.E.2d 265, 268; Brown v. Saunders, 159 Va. 28, 166 S.E. 105, 111; Stiglitz v. Schardien, 239 Ky. 799, 40 S.W.2d 315, 320.

*Conclusion*

A new legislature having been elected since the commencement of these proceedings, and there being no clear duty for the secretary of state or attorney general to perform acts such as the petition seeks to compel, the writ of mandamus should not issue. Its denial is therefore affirmed.

Affirmed.