The STATE of Wyoming ex rel. SQUAW MOUNTAIN CATTLE COMPANY and Two Bar-Muleshoe Water Company, Petitioners,

v.

WHEATLAND IRRIGATION DISTRICT, and its Board of Directors, Respondents.

No. 85–219.

Supreme Court of Wyoming.

Nov. 17, 1986.

Rehearing Denied Dec. 15, 1986.

Thomas S. Smith, Smith, Stanfield & Scott, Laramie, for petitioners.

William R. Jones, Jones, Jones, Vines & Hunkins, Wheatland, for respondents.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Chief Justice.

The parties to this proceeding seek to have resolved further the obligation of Wheatland Irrigation District to deliver water which is imposed by a contract for a reservoir site and various court proceedings relating to that contract. After careful consideration of the file and record before this court, earlier court proceedings relating to the subject matter of this controversy, and the briefs and arguments of counsel, the court is persuaded that the alternative writ of mandamus entered on January 14, 1986 should be made absolute. It hereby is ordered that the alternative writ of mandamus be, and it hereby is, made absolute.

Wheatland Irrigation District is the successor in interest of Wyoming Development Company which, on March 1, 1900, contracted with The Swan Land and Cattle Company (then a corporation existing under the laws of the United Kingdom of Great Britain and Ireland) to lease a site for a water storage reservoir. As consideration for the reservoir site, Wyoming Development Company agreed to furnish through the headgates for the Two Bar Ditch and the Muleshoe Ditch water to irrigate lands of The Swan Land and Cattle Company "lying under such ditches and capable of being irrigated therefrom." Wyoming Development Company agreed to furnish "throughout the irrigation season * * * such quantity of water as may be carried and conveyed through and by means of such irrigation ditches." In 1947 The Swan Company (the successor of The Swan Land and Cattle Company) conveyed its lands which lie under such ditches and are capable of being irrigated therefrom and transferred its rights under the reservoir lease to the Two Bar-Muleshoe Water Company. Squaw Mountain Cattle Company is one of the shareholders of Two Bar-Muleshoe Water Company, and its interest as a shareholder is proportionate to the lands that it owns which initially were transferred to the Two Bar-Muleshoe Water Company by The Swan Company.

The rights and obligations under this reservoir lease have been the subject matter of litigation in several cases. In litigation which culminated in the opinion in *Anderson v. Wyoming Development Company*, 60 Wyo. 417, 154 P.2d 318 (1944), certain individual purchasers of water from Wyoming Development Company attacked the right of The Swan Company to receive water pursuant to the reservoir lease. In essence the plaintiffs contended that The Swan Company had no right to use water from Reservoir No. 2 (the leased reservoir site) because its lands were not included in the reservoir permit. Demurrers to the complaint were sustained by the district court, and that judgment was affirmed. In the opinion in that case this court said:

"The amount of water thus contracted for is the amount the lessor's two ditches, known as the Two Bar and Mule Shoe, and whose dimensions are stated, can carry for the irrigation of certain lands of the lessor which are capable of irrigation; as additional consideration for this lease the lessee agrees to furnish water from the said Sybille Creek as

shall be sufficient to irrigate 300 acres to be used upon lands selected by lessor.

\* \* \* \* \* \*

"It would appear that plaintiffs desire to retain the benefit of the reservoir and the lands which make it available, and yet deny to The Swan Company the right to have the agreed consideration for this use of its land.

\* \* \* \* \* \*

"We have discovered no sections in the statutory law of this state relative to reservoir supply water which were operative at the time this contract was made which would render it void. Plaintiffs have not directed our attention to any such enactments. We have already mentioned that, at the time this lease was made, no restrictive laws were in existence relative to the use of storage water except the elemental principles of due appropriation of water and the application thereof to a beneficial use. It would seem that these requirements have been met in this matter, as we have seen. \* \* \*" *Anderson v. Wyoming Development Company,* supra, 60 Wyo. 492, 493, 154 P.2d 346, 347.

Some 30 years later Two Bar-Muleshoe Water Company brought an action against Wheatland Irrigation District seeking specific performance of the contract and damages. The district court entered judgment in favor of Two Bar-Muleshoe Water Company ordering Wheatland Irrigation District to perform the March 1, 1900 contract. Relief in the form of damages was denied "such having been waived and withdrawn." In that decision the district court indicated that the volume of water Wheatland Irrigation District must furnish for the 300 acres alluded to in *Anderson v. Wyoming Development Company,* supra, was "the statutory standard of 1 cubic foot per second for each 70 acres." An appeal by Wheatland Irrigation District from that judgment was dismissed because not all of the claims had been disposed of at that time, and the trial court did not make a determination pursuant to Rule 54(b), W.R.C.P., that there was no just reason for delay in entering a final judgment on fewer than all of the claims. *Wheatland Irrigation District v. Two Bar-Muleshoe Water Company,* Wyo., 431 P.2d 257 (1967). In arriving at that holding, however, this court stated that the lease provided for a quantity of water consistent with the carrying capacity of the ditches, rather than a quantity consistent with the statutory duty of water:

"It is 'distinctly' understood and agreed that the quantity of water to be furnished shall be that quantity which the ditches can carry 'with their present dimensions, as hereinabove stated.'

\* \* \* \* \* \*

"In order to prevail in an action for specific performance, it would seem plaintiffs would have been obligated to adduce convincing evidence of some nature as to the quantity of water intended." *Wheatland Irrigation District v. Two Bar-Muleshoe Water Company,* supra, 431 P.2d at 258.

The litigation in the district court then continued. The trial court ultimately concluded that the original carrying capacity of the Two Bar Ditch was 26 c.f.s., that the original capacity of the Mule Shoe Ditch was 25 c.f.s., and that the lease required Wheatland Irrigation District to provide water throughout the growing season of the lessor, even if that did not coincide with Wheatland Irrigation District's irrigation season. Judgment was entered in favor of Two Bar-Muleshoe Water Company, and Wheatland Irrigation District appealed. The decision of the district court was affirmed, but it was modified to reflect that the capacity of the Mule Shoe Ditch was only 17.5 c.f.s., and the total acreage to be irrigated was identified as 1,597 acres. *Wheatland Irrigation District v. Two Bar-Muleshoe Water Company,* Wyo., 521 P.2d 1334 (1974).

This brings us to the present controversy. It appears that in 1980, 1981 and 1982, Wheatland Irrigation District refused to honor demands for water made by Two Bar-Muleshoe Water Company. In the spring of 1983, perhaps in an attempt to

resolve the controversy, Wheatland Irrigation District attempted to purchase the lands of Squaw Mountain Cattle Company. In the spring of the following year the district court issued a decision letter refusing a request by Two Bar-Muleshoe Water Company that the court hold Wheatland Irrigation District in contempt for the refusals to deliver water in the years 1980, 1981 and 1982. The decision letter stated that Wheatland Irrigation District's actions were not "flagrant, wanton or malicious." Then in 1984 Two Bar-Muleshoe Water Company filed suit against Wheatland Irrigation District asking for specific performance of the contract, requesting an order to Wheatland Irrigation District to comply with the decision of this court in 1974, and praying for damages for the refusal to deliver the water demanded in the years 1980 through 1983. Wheatland Irrigation District answered this complaint and counterclaimed for a declaration of its duties under the contract and for a taking by eminent domain of the leased reservoir site. Two Bar-Muleshoe Water Company then filed a motion for summary judgment on all of the issues in the case. The trial judge wrote a decision letter which denied summary judgment on the specific performance count because factual questions existed as to beneficial use and impossibility of performance, and the matter of eminent domain was held in abeyance. Counsel professed confusion with respect to this letter and an additional letter from the district judge followed.

In the fall of 1985, while the suit described above was pending in the district court, Wheatland Irrigation District again refused to honor Two Bar-Muleshoe Water Company's demand for water subsequent to September 15, 1985, and on that day Wheatland Irrigation District cut off the water. On October 2, 1985, counsel for Two Bar-Muleshoe Water Company arranged a conference call involving himself, the district judge, and counsel for Wheatland Irrigation District. The product of this telephone call was that the trial court ordered Wheatland Irrigation District to continue delivering water and set a hearing for October 17, 1985.

After that order Wheatland Irrigation District filed in this court a petition for a writ of prohibition against the trial court which addressed the oral order to deliver water and claimed that the water was not needed; the natural flow of Sybille Creek was sufficient to provide water; Wheatland Irrigation District needed to preserve water for the 1986 water season; delivery would waste water, soaking 23 miles of the Laramie River channel, filling a 500 acre-foot basin to raise the water to the tunnel, and soaking 10.7 miles of the Sybille Creek channel before delivery at the headgate of the Two Bar Ditch; if delivery were effected Two Bar-Muleshoe Water Company could not beneficially use it; and Wheatland Irrigation District needed to dry and clean the channel. This petition recited that Wheatland Irrigation District had been delivering water since 3:00 P.M. on October 2, 1985. On October 4, 1985 an order was entered in this court requiring Squaw Mountain Cattle Company and the trial court to show cause why a writ of prohibition and/or a writ of mandamus should not issue, indicating that the trial court might not have had jurisdiction to make the ruling on October 2, 1985 because Squaw Mountain Cattle Company had not properly instituted the proceedings. That order directed the trial court to refrain from enforcing its order until further order of this court. Two Bar-Muleshoe Water Company and Squaw Mountain Cattle Company filed their response on October 15, 1985 and the trial court filed its response on October 16, 1985. In addition Two Bar-Muleshoe Water Company and Squaw Mountain Cattle Company, on October 16, 1985, filed their petition for writ of mandamus against Wheatland Irrigation District alleging the refusal of Wheatland Irrigation District to follow the mandate of this court and an attempt to intimidate Two Bar-Muleshoe Water Company and Squaw Mountain Cattle Company into submission.

This court then entered an order denying the writ of prohibition, in part because the petition for mandamus had been filed. On

that same day an order was entered in the mandamus proceeding which directed the district court to hold an evidentiary hearing to determine:

"(1) [I]s the natural flow of Sybille Creek sufficient to furnish the amount of water demanded for the Muleshoe [sic] and Two Bar ditches not to exceed 17.5 cubic feet per second for the Muleshoe [sic] ditch and 26 cubic feet per second for the Two Bar ditch; and (2) will the water demanded by Petitioners be put to beneficial use without unnecessary or intentional waste; * * *."

Resolution of these questions of fact was necessary to ascertain whether Wheatland Irrigation District was delivering water in accordance with the 1974 decision of this court. The hearing was held on October 30, 1985, and the trial court reported:

"Based on this hearing it is my opinion that the answer to question # 1 is 'no' and the answer to question # 2 is 'yes.' "

Premised upon this report from the trial court an order was entered granting an alternative writ of mandamus requiring Wheatland Irrigation District to show cause why a permanent writ of mandamus should not issue.

Wheatland Irrigation District's response by means of a brief asserts as cause for not issuing a writ of mandamus the following:

(1) The matters at issue here were not determined in the 1974 case;

(2) The trial court erred in answering both propounded questions;

(3) Two Bar-Muleshoe should be limited to the statutory 1 per 70 under the contract beneficial use provisions;

(4) Transporting the contracted for water through the available, losing stream, transportation system is waste.

A response was filed by the petitioners Two Bar-Muleshoe Water Company and Squaw Mountain Cattle Company, and oral argument then was held with respect to the issues in this case.

■ It is clear from the opinion in *Wheatland Irrigation District v. Two Bar-Muleshoe Water Company,* supra, that this court did determine the amount of water which is subject to delivery under the contract and the period of time during which Wheatland Irrigation District must honor Two Bar-Muleshoe Water Company's demands for water. Wheatland Irrigation District must deliver the 1900 capacities of the two ditches, i.e., 26 c.f.s. at the headgate of the Two Bar Ditch and 17.5 c.f.s. at the headgate of the Mule Shoe Ditch. The delivery of this water must be accomplished during Two Bar-Muleshoe Water Company's irrigation season, and Wheatland Irrigation District must comply with a demand by Two Bar-Muleshoe Water Company for the quantity of water required by the earlier decision whenever the natural flow in Sybille Creek will not furnish the requisite amount. This must be done without regard to the irrigation season normally recognized by Wheatland Irrigation District. The questions presented in this proceeding essentially were resolved in the earlier case and are subject to the doctrine of res judicata.

■ We required the trial court to determine whether the natural flow of Sybille Creek was sufficient to provide the quantity called for by the lease because if it were that might excuse Wheatland Irrigation District's failure to deliver the water demanded by Two Bar-Muleshoe Water Company and Squaw Mountain Cattle Company. The trial court found, however, that the natural flow of Sybille Creek was not sufficient to furnish the water demanded, i.e., not more than 26 c.f.s. at the headgate of the Two Bar Ditch and 17.5 c.f.s. at the headgate of the Mule Shoe Ditch. In addition, in accordance with this court's order, the trial court determined that the water demanded would be put to beneficial use by Two Bar-Muleshoe Water Company without unnecessary or intentional waste. In responding to the order to show cause Wheatland Irrigation District has presented extensive argument that the district court erred in arriving at these factual determinations. The record demonstrates a lengthy evidentiary hearing held by the trial court before deciding the questions,

and the transcript of that hearing manifests sufficient evidence to support the factual determinations.

Wheatland Irrigation District vigorously contends that the district court erroneously determined that the water demanded would be put to beneficial use. In structuring this argument Wheatland Irrigation District emphasizes § 41-3-101, W.S.1977, which says in pertinent part, " * * * [b]eneficial use shall be the basis, the measure and limit of the right to use water at all times, not exceeding the statutory limit * * *." The statutory duty of water alluded to in this provision is 1 c.f.s. per 70 acres of land. Section 41-4-317, W.S.1977. On the basis of these provisions Wheatland Irrigation District contends that Two Bar-Muleshoe Water Company is not entitled to receive more than 1 c.f.s. per 70 acres of land under the 1900 contract. It is clear that the lease does not specifically reference this standard, nor could it. The right to receive water of Two Bar-Muleshoe Water Company, as between it and Wheatland Irrigation District, is found in the 1900 lease. It has been adjudicated that the provisions of that contract entitle Two Bar-Muleshoe Water Company to 26 c.f.s. at one headgate and 17.5 c.f.s. at the other. *Wheatland Irrigation District v. Two Bar-Muleshoe Water Company,* supra. It also has been held that the statutory limitations that might otherwise apply to water supplied from a reservoir do not affect this water. *Anderson v. Wyoming Development Company,* supra. That holding is certainly a matter of stare decisis, and well may be subject to the doctrine of collateral estoppel as between Two Bar-Muleshoe Water Company and Wheatland Irrigation District.

█ The statutory duty of water of 1 c.f.s. per 70 acres of land could be considered as evidence in determining the question of how much water is "necessary for the proper irrigation" of the subject lands. We are not informed of any construction of that statute that suggests that more water than 1 c.f.s. per 70 acres of land constitutes waste. If that were the

rule the statutory right to the use of surplus water found in § 41-4-320, W.S.1977, would be inefficacious. Consequently, while it must be accepted that the statutory duty of water of 1 c.f.s. per 70 acres is controlling in those instances in which it applies, it is appropriate to perceive that statutory measure as primarily controlling the allocation of a scarce resource rather than a per se standard for waste. The statute by itself does not demonstrate that additional water would not be beneficially used, and the record discloses no other facts which would lead to any different conclusion than the finding of the district court that the water demanded by Two Bar-Muleshoe Water Company and Squaw Mountain Cattle Company will be put to beneficial use without unnecessary or intentional waste.

We recognize the limitation of beneficial use without unnecessary or intentional waste encompassed in the contractual language with respect to the water which Two Bar-Muleshoe Water Company is entitled to receive. We do not intend by our disposition of this matter to foreclose any opportunity of Wheatland Irrigation District to demonstrate by competent evidence at some future time that water which is furnished to Two Bar-Muleshoe Water Company at the headgates of the respective ditches is not being used beneficially as required by the contract. Given satisfactory proof of such a circumstance Wheatland Irrigation District would be entitled to invoke available remedies for breach of the lease agreement and quite possibly might obtain relief with respect to furnishing water in the future. As of now, however, Wheatland Irrigation District must continue to provide the water specified under the lease when it is demanded.

█ Wheatland Irrigation District argues that in order to meet its obligations under the contract it must transport water through a losing system. Loss attributable to the transportation of the water to the delivery point specified by the contract is

not a factor with respect to beneficial use by Two Bar-Muleshoe Water Company. Clearly it is cost of doing business for Wheatland Irrigation District, but that is a cost which Wheatland Irrigation District's predecessor in interest apparently believed to be acceptable in order to secure the reservoir site from the predecessor in interest of Two Bar-Muleshoe Water Company and Squaw Mountain Cattle Company. Remorse on the part of Wheatland Irrigation District over the conclusion of its predecessor in interest does not serve to adjust its obligations pursuant to the contract.

Wheatland Irrigation District asserts that because of the loss of water through the transportation system it is impossible to perform its obligations under the contract. The evidence does not suggest that is true, and certainly there is no reason to believe that it could not deliver from the reservoir the water required by the lease.

■ This court has held that mandamus is a proper remedy to compel the supplying of water. *McHale v. Goshen Ditch Company,* 49 Wyo. 100, 52 P.2d 678 (1935). In *LeBeau v. State ex rel. White,* Wyo., 377 P.2d 302 (1963), the court held that, because it was unclear whether the water commissioner illegally had impounded the water which LeBeau demanded, the right sought to be enforced was not "clear and certain, so as not to admit of any reasonable controversy," and thus an ordinary lawsuit, other than mandamus, was the proper remedy. Even so we did not depart from the position espoused in *McHale v. Goshen Ditch Company,* supra. Wheatland Irrigation District is organized and exists pursuant to § 41–7–201, et seq., W.S. 1977, and is subject to a writ of mandamus to require the supplying of water under the lease.

In *State ex rel. Whitehead v. Gage,* Wyo. 377 P.2d 299 (1963), the court reiterated its earlier position that a writ of mandamus is warranted only where it will be effectual as a remedy and should be denied where it is "impossible for the court to grant any effectual relief, making the case moot." In that case the court held that the writ of mandamus to compel the secretary of state and the attorney general to reapportion the legislature for the 1962 election would not be appropriate because the election already had been held. In this case relief cannot be enforced by requiring delivery of water for prior years. The petition in fact, however, requests the court to compel Wheatland Irrigation District to comply with the decision of this court in 1974. Consequently, no date for or event to trigger performance was specified, and for that reason the controversy continues and this case has not become moot because of intervening events. The record indicates that Wheatland Irrigation District continually and persistently has refused to fulfill its contractual obligations to Two Bar-Muleshoe Water Company and Squaw Mountain Cattle Company. We thus perceive a continuing course of action which justifies the issuance of the writ of mandamus.

The cases articulate the proposition that mandamus will issue "only where the duty to perform is clear, certain and undisputable." *State ex rel. Whitehead v. Gage,* supra; *LeBeau v. State ex rel. White,* supra; § 1–30–105, W.S.1977. Subsequent to the 1974 decision of this court in *Wheatland Irrigation District v. Two Bar-Muleshoe Water Company,* supra, there could be no question that the duty of Wheatland Irrigation District is clear, certain and undisputable.

■ Section 1–30–104, W.S.1977, provides that the writ should not issue where there is an adequate remedy at law. It cannot be used to serve the purpose of ordinary civil actions. *State ex rel. Whitehead v. Gage,* supra. As the court stated in *LeBeau v. State ex rel. White,* supra, 377 P.2d at 304:

"In the absence of good reason therefor mandamus cannot be resorted to as a substitute for an appeal. * * * [T]he delays incident to an appeal do not ordi-

narily affect the adequacy of the remedy."

Because of a persistent and willful avoidance by Wheatland Irrigation District from 1973 until 1985 of the clear duty imposed by the contract and this court an ordinary action at law followed by an appeal would not serve as an adequate remedy for Two Bar-Muleshoe Water Company and Squaw Mountain Cattle Company. Good reason exists in this case to invoke the remedy of mandamus.

A peremptory writ of mandamus will issue this day. Costs and fees are awarded to the petitioners in accordance with law.

### ORDER DENYING PETITION FOR REHEARING

This case came on before the Court on the Petition for Rehearing, filed herein by the Respondents, The Wheatland Irrigation District and its Board of Directors, on December 1, 1986, and the Court having examined the file and record of the Court, together with the opinion of the Court in this case, and having carefully considered the Petition for Rehearing and the Brief in Support of Respondents' (The Wheatland Irrigation District and its Board of Directors) Petition for Rehearing, and being fully advised in the premises, and having carefully considered the matters raised in the Petition for Rehearing, finds that the Petition for Rehearing should be denied, and it therefore is

ORDERED that the Petition for Rehearing, filed herein on behalf of the Respondents, The Wheatland Irrigation District and its Board of Directors, on December 1, 1986, be, and the same hereby is, denied.

URBIGKIT, Justice, would vote to grant the rehearing with the following comment:

Recognizing the apparently unstoppable nature of this exhaustive litigation, I would favor granting a rehearing for response by petitioner on the issues now enumerated, in order for this court to determine whether the subjects are settled, supplementary, or properly within the continued and pending district court proceedings. Hope springs eternal that it is possible to avoid a Toltec or Carissa Mine eminence of judicial investment thereby. *Toltec Watershed Improvement District v. Johnston*, Wyo., 717 P.2d 808 (1986); *State Board of Law Examiners v. Spriggs*, 61 Wyo. 70, 155 P.2d 285 (1945); and *Tibbals v. Graham*, 55 Wyo. 169, 97 P.2d 673 (1940).