**STATE of Wyoming upon the relation of Ernest WILKERSON, Petitioner,**

**v.**

**STATE BOARD OF EQUALIZATION, State of Wyoming, comprised of Francis Hillard, et al., Respondents.**

**No. 4033.**

Supreme Court of Wyoming.

Nov. 30, 1971.

Ernest Wilkerson, Casper, for petitioner.

Robert Oberst, Asst. Atty. Gen., Cheyenne, for respondents.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

### ORDER

McINTYRE, Chief Justice.

Petitioner, purporting to act under § 1-877, W.S.1957, having filed in this court petition for writ of mandamus against the State Board of Equalization, naming the members, asking that they be made to "comply with the provisions of Art. 15, Sec. 2, of the Wyoming Constitution which requires the payment by the owners of proven coal reserves of an ad valorem tax on such reserves," [1] and alleging, inter alia, that he was the owner of real and personal

1. Art. 15, § 2, Wyo.Const., provides: "All coal lands in the state from which coal is not being mined shall be listed for assessment, valued for taxation and assessed according to value."

property subject to ad valorem taxes for the maintenance of the State's general and school funds; brought the action on behalf of himself and all other owners of property in the State which may be subject to ad valorem property tax; had addressed a letter to the board requesting compliance with the provisions of the mentioned section of the constitution; had received no response; and had "exhausted his administrative remedies"; and

According to petitioner's brief his thesis apparently being that the board in its determination—as required by § 39–26, W.S. 1957 (1971 Cum.Supp.)—of how lands should be classified for assessment purposes must because of Art. 15, § 2, Wyo.Const., have a listing of "coal lands \* \* \* from which coal is not being mined";

Now, therefore, the court having carefully reviewed the matter and finding it to be elementary that mandamus will issue only where a duty to perform is clear, certain, and undisputable, and that such remedy cannot be made to serve the purpose of an ordinary suit, and it appearing that whatever merit may reside in petitioner's thesis may be tested by petition to the board under the Wyoming Administrative Procedure Act or by an action for declaratory judgment in the district court but cannot be determined by invoking the original jurisdiction of this court, the petition is for the reasons herein stated denied.