STATE of Wyoming, upon the relation of Bruce P. BADLEY, and Beverly A. Badley, Appellants (Petitioners-Appellants below),

v.

The CITY OF SHERIDAN, a municipal corporation, et al., Appellees (Respondents-Appellees below).

No. 4195.

Supreme Court of Wyoming.

Sept. 5, 1973.

Bruce P. Badley, Sheridan, for appellants.

Harry F. Schwartz, City Atty., Sheridan, for City of Sheridan.

Clarence A. Brimmer, Atty. Gen., and Richard J. Moen, Sp. Asst. Atty. Gen., Cheyenne, for Public Service Commission of Wyo.

Before PARKER, C. J., and McEWAN, GUTHRIE and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

We deal in this opinion with the rights of parties when a city undertakes to furnish water to customers outside of the city and a controversy arises between the municipality and a consumer outside the corporate limits of the city.

By agreement dated November 18, 1957, the City of Sheridan agreed with five trustees to furnish water utility service to certain consumers outside the corporate limits of Sheridan. One of the consumers was Lester T. Calanborn. Subsequently Calanborn deeded property to Bruce P. Badley and Beverly A. Badley. The Badleys claim to have succeeded to all water and water rights of the Calanborns, including Water Permit No. 4313. When the Badleys connected water and sewer service to an extra mobile trailer home on June 1, 1972, they were notified by the city that water service would be discontinued to their property.

The city's action was based in part on a resolution adopted by the city council February 22, 1971. This resolution declared that extensions of municipal sewer and water lines beyond the city limits would seriously deplete sewer and water capacities needed for residents of the city; and therefore it would thereafter be the policy of the city council that there would be no extension of water or sewer lines beyond the corporate boundary of the city.

Appellants claim the city has, since its resolution, allowed extensions for other users. They cite permission granted to one family for three trailer services and an additional rental house; permission to a filling station for an added car wash and water lines to out buildings; permission for a motel business to add 16 additional motel units; and permission for a trailer sales business to connect additional trailer houses with additional water utilities. The city attorney does not deny these extensions. Instead, he seeks to justify them on the basis that they were necessary for industrial development.

Pertinent statutory provisions, as they existed when this matter was before the trial court, include the following portions of the definition of public utility as expressed in § 37-1, W.S.1957, with amendments in Ch. 88, S.L. of Wyoming 1961, and Ch. 44, S.L. of Wyoming 1971:

"The term 'public utility,' when used in this chapter shall mean and include every person that owns, operates, leases, controls, or has power to operate, lease or control:

\* \* \* \* \* \*

"(e) Any plant, property or facility for the supply, storage, distribution or furnishing to or for the public of water for manufacturing, municipal, agriculture or domestic uses, *except and excluding any such plant, property or facility owned by a municipality*; [Emphasis supplied.]

\* \* \* \* \* \*

"(h) None of the provisions of this chapter shall apply to \* \* \* public utilities owned and operated by a municipality of the State of Wyoming, *except as to that portion of such municipality owned and operated public utility, if any, as may extend services outside the corporate limits of such municipality* \* \* \*." [Emphasis supplied.]

Also pertinent to our consideration is Ch. 44, § 1(c), S.L. of Wyoming 1971,

which is now § 15.1–468(c), W.S.1957, 1973 Cum.Supp. The subsection reads:

> "The provisions of this section shall not be subject to certificates of public convenience and necessity of the Public Service Commission, however, in the event of controversy between the municipality and a consumer outside the corporate limits of the municipality, with regard to the establishment of rates, *maintenance or servicing in a manner other than as contracted for* or as provided herein, then the Public Service Commission *may* review the matter in controversy, hold hearings, take testimony and make recommendations. The Commission's recommendations may be appealed to the District Court pursuant to the provisions of the Wyoming Administrative Procedures Act, provided however, that the ultimate prevailing party shall be awarded a just and reasonable attorneys fees." [Emphasis supplied.]

If the (e) portion of the definition for a public utility were isolated and construed alone, it would seem to say the term "public utility" includes every person (which can be a corporate municipality) that owns, operates, or controls a plant for distribution of water, *excluding* any plant owned by a municipality. However, it is specified in (h) that provisions of the public utility chapter shall not apply to public utilities owned and operated by a municipality, "except as to that portion of such municipality owned and operated public utility, if any, as may extend services outside the corporate limits of such municipality."

Not only must we construe subsections (e) and (h) which are set out above in pari materia with each other, but we must construe them in pari materia with Ch. 44, § 1(c). All three subsections were a part of Ch. 44, S.L. of Wyoming 1971, when plaintiffs' complaint was dismissed.

Appellants argue that the provision in § 15.1–468(c) to the effect that the Public Service Commission "may" review a controversy between a municipality and a consumer of water outside the corporate limits

must be construed to mean the commission "shall" review such controversy; and the commission should be required by mandamus to so review. This argument has caused a sharp conflict between the parties as to whether the commission's authorization for review is discretionary or mandatory.

As far as relief in mandamus is concerned, however, it is elementary that the writ of mandamus cannot be made to serve the purpose of an ordinary suit; and it will issue only where the duty to perform is clear, certain and undisputable. State v. Gage, Wyo., 377 P.2d 299, 300; LeBeau v. State, Wyo., 377 P.2d 302, 303; State ex rel. Wilkerson v. State Board of Equalization, Wyo., 490 P.2d 1258, 1259. As stated in *LeBeau,* the law must not only authorize the demanded action but require it.

The rule we have just stated is particularly applicable here because § 15.-1–468(c) does not even authorize the commission to review every controversy between a municipality and a water consumer outside of the city. The controversy must be in regard to the establishment of rates, which is not here involved; or it must be in regard to maintenance or servicing in a manner "other than as contracted for." Thus, insofar as the alleged controversy is in regard to servicing under an alleged contract, the commission is not authorized to review.

In addition to asking for mandamus against the public service commission, appellants are requesting that mandamus issue against the City of Sheridan to compel it to furnish water to their property. Until it has first been established by an ordinary suit at law that Badleys have a contract or other claim entitling them to the water requested from the city, they cannot obtain relief by mandamus. Also, appellants have not, in connection with their petition for review, shown a clear, certain and undisputable duty on the part of the city to furnish the water which is claimed.

Rule 72.1(h), W.R.C.P., provides that additional material evidence may be presented to the court in all cases other than contested review cases. The record fails to show that Badleys attempted to offer any evidence which would entitle them to mandamus, either against the public service commission or the City of Sheridan.

Also, appellants argue on appeal that the city was arbitrary in denying the Badleys an administrative hearing; and that the district court committed error in finding that there was no arbitrary or capricious action on the part of the City of Sheridan. Here again, however, the record fails to reveal that appellants requested an opportunity to present material evidence on the question of whether the city was arbitrary. Having failed to meet their burden of proof in this regard, they cannot be heard to say on appeal that the city arbitrarily denied them an administrative hearing.

The claims other than those relating to the hearing before the Public Service Commission are so confused and erratic that it is difficult to know what relief was expected or demanded. In any event, it would appear that certain allegations of appellants were not disposed of in the judgment. For example, the Badleys allege that the city's action in denying or attempting to deny additional water to petitioners is unlawful under the terms of an existing contract and because the city is a public utility insofar as it furnishes services outside of the city; that the city has surplus water; and that the city unlawfully discriminates against petitioners by threatening to deny water to the petitioners while allowing additional usage of water to other users outside of the city. Therefore, while we affirm the action of the district court in (a) dismissing the public service commission, (b) entering judgment denying mandamus against the City of Sheridan, and (c) holding that the city's denial of appellants' petition for an administrative hearing was not arbitrary, we nevertheless hold that nothing in the judgment, the order of dismissal, or in this opinion precludes the Badleys from initiating or prosecuting suit to litigate the issues which were not determined by the trial court.

The district court's order of dismissal and judgment are affirmed, without prejudice to the right of appellants to litigate in some other appropriate civil action whatever claims they may have, if any, as to those issues which we indicate to be unresolved.

McCLINTOCK, J., was not a member of this court at the time of argument in the case and therefore did not participate in this decision.