Alfred V. ROBBINS, Appellant,
(Defendant),

v.

SOUTH CHEYENNE WATER AND
SEWAGE DISTRICT,
Appellee, (Plaintiff).

Alfred V. ROBBINS,
Appellant, (Plaintiff),

v.

SOUTH CHEYENNE WATER AND
SEWAGE DISTRICT, Appellee,
(Defendant).

Nos. 89-272, 89-273.

Supreme Court of Wyoming.

June 4, 1990.

Douglas J. Mickey, Park Ridge, Ill., for appellant.

Edwin H. Whitehead, Whitehead, Gage & Davidson, P.C., Cheyenne, for appellee.

Before CARDINE, C.J., and THOMAS, MACY and GOLDEN, JJ., and PATRICK, District Judge.

THOMAS, Justice.

How does one assert and foreclose a lien on the property of another when no services, work, or materials have been furnished to the owner? The answer is that one cannot, and that answer is dispositive of the first case in these consolidated appeals although the decision is premised on an issue that is somewhat different from the questions posed to the district court. In that case, No. 89–272, we resolve a question of jurisdiction that we are entitled to consider even though it was not raised in the district court. In the second case, No. 89–273, we treat with the question of whether A.V. Robbins (Robbins) was entitled to a contested case hearing with respect to his claim that his two mobile homes had been joined in such a way that they constituted a single structure so that only one water and one sewer connection was required instead of two. We conclude that this record reveals that the jurisdictional facts that must be demonstrated in order for the South Cheyenne Water and Sewer District (District) to foreclose its lien are not present. Consequently, the case docketed here as No. 89–272 must be reversed and remanded with directions to dismiss the District's complaint. We affirm the determination by the district court that Robbins was not entitled to the contested case hearing that he sought by a declaratory judgment action in the second case. The judgment of the trial court in that case is affirmed.

Robbins appealed from the decisions of the district court in two different cases. These appeals were consolidated, and in his brief in the consolidated appeals, Robbins asserts the issues to be:

"1. Whether the District Court erred as a matter of law in concluding that the Wyoming Legislature did not contemplate a trial-type hearing prior to lien foreclosure under the provisions of W.S. § 41–10–113(a)(xxi).

"2. Whether the District Court erred as a matter of law in failing to find that Robbins has been deprived of due process because of South Cheyenne Water and Sewer District's (hereinafter District) failure to provide Robbins with a trial-type hearing in accord with the provisions of the Wyoming Administrative Procedure Act.

"3. Whether the District Court erred as a matter of law in failing to find that the District's Resolution of July 7, 1987 is an *ex post facto* law as applied to Robbins, in violation of Article One, Section Thirty–Five of the Wyoming Constitution.

"4. Whether the District Court erred as a matter of law in failing to conclude that the District lacked proper statutory authority to impose its lien against Robbins' property, because the District had provided no services to Robbins in exchange for the sum of money demanded by it.

"5. Whether the District Court erred as a matter of law in failing to conclude that the District lacks proper statutory authority to compel property owners within the District to connect with the District's water system.

"6. Whether the District Court erred as a matter of law in failing to conclude that the District's Resolution of July 17, 1987 violates Article One, Section Thirty–Four of the Wyoming Constitution because the same is not uniformly applied to property owners within the District's boundaries.

"7. Whether there was substantial evidence of record to support the District Court's conclusion that Robbins' two mobile homes were not incorporated into a single structure and that therefore, each mobile home requires its own separate water and sewer taps."

In its brief as appellee, the District asserts the issues to be:

"I. The hearing provided Robbins pursuant to the provisions of W.S.

§ 41–10–113(a)(xxi) was not required to be a trial type hearing in accord with the provisions of the Wyoming Administrative Procedure Act, nor was Robbins deprived of due process as a result of the hearing.

"II. The District Court did not err in failing to find that the District's resolution of July, 7, 1987 is an *ex post facto* law as applied to Robbins, in violation of Article One, Section Thirty–Five of the Wyoming Constitution.

"III. The District Court did not err as a matter of law in failing to conclude that the District lacked proper authority under the statutes to impose a lien against Robbins' property, because the District had provided no services to Robbins in exchange for the sum of money demanded by it and it had authority to compel property owners to connect to its system.

"IV. The District Court did not err as a matter of law in failing to conclude that the District's resolution of July, 7, 1987 violates Article One, Section Thirty–Four of the Wyoming Constitution because the same is not uniformly applied to property owners within the District's boundaries.

"V. There was substantial evidence presented at trial to support the District Court's conclusion that Robbins' two trailers were not incorporated into a single structure and that therefore, each trailer requires its own separate water and sewer line and tap."

These appeals are the products of separate actions initiated in the district court. In the case that is identified as No. 89–272, the District filed its complaint on February 17, 1989 seeking a judgment and decree of foreclosure against Robbins on the premise of a valid perpetual lien on Robbins's property in favor of the District according to statute. The District's complaint alleged that the District had published a notice of hearing prior to judicial foreclosure of a perpetual lien directed to the Robbins's property pursuant to § 41–10–113(a), W.S. 1977. In the complaint, the District asserted that Robbins owed it $2,860 for a water tap, a water utility fee, a sewer permit, a sewer facility fee, and the cost of advertising the hearing on the lien. On the record before us, none of these items were actually furnished to Robbins prior to the initiation of the action, nor have they been furnished to Robbins since. The District simply made a determination that Robbins was indebted to it according to the tenor of its complaint. That decision was made after a hearing before the Board of Directors of the District (Board) at which there was testimony by the District's foreman that on Robbins's property there were situated two separate mobile homes that had no common walls, doors, or roof and had not otherwise been incorporated into a single dwelling. The Board determined that this arrangement of dwellings required two connections rather than one.

Robbins's position in the proceedings before the Board was that these mobile homes constituted only one dwelling. Robbins had connected the second mobile home into the sewer system for the first mobile home, and he also had made a water connection between the two mobile homes.[1] The record establishes that Robbins did receive notice of the first Board meeting at which his protest was considered. He was not, however, given notice of the two subsequent meetings where that issue was discussed further and at which the decision was made to proceed with the perfecting of a lien against his property.

The decision of the district court, in the case identified as No. 89–272, incorporated specific findings of fact and conclusions of law. Those findings included the facts that the District reached a preliminary conclusion, after inspecting Robbins's property, that he had a second mobile home on his property that did not have a separate water and sewer tap as required by the District; a hearing was held on November 1, 1988 at which Robbins was afforded the opportunity to demonstrate to the District why he should not be required to pay the required fees for a second connection to the District's systems; following that hearing, a

---

**1.** Nothing in the record serves to establish that any of the other issues that Robbins pursues in this appeal were raised before the District at the hearing conducted by the Board.

decision was deferred until the foreman for the District had inspected Robbins's property; after the inspection and after the receipt of the report from the foreman, the District decided to file the lien against Robbins's property and gave him notice of the lien on December 15, 1988; and when Robbins did not satisfy the demands by the District for payment of the amount secured by the lien, the suit was filed to foreclose it. In the course of those proceedings, the parties agreed that there would be no need to obtain a foreclosure decree because Robbins had posted cash with the court so that, if the District prevailed, the District would be paid what it claimed to be owed out of the cash posted.

The parties agree that Robbins owned a mobile home that was properly connected to the District's systems prior to the spring of 1987. They also agreed that, prior to July of 1987, Robbins had moved a second mobile home onto the property and had connected it into the sewer line that serviced the first mobile home. The District then passed, in July of 1987, its resolution that required each individual structure to have its own separate water and sewer connections. One of Robbins's primary contentions before the District Court was that no services ever were rendered with respect to the second mobile home by the District, so that there was no subject matter to justify foreclosure of a lien. Ultimately, the district court determined that the District was in full compliance with all the governing statutes, rules, and regulations, and the District was granted a judgment on its lien. Robbins paid the amount due the District, and then prosecuted his appeal from the judgment of the district court in favor of the District.

In the other case that was consolidated on appeal, identified as No. 89–273, Robbins filed a petition for declaratory judgment in the district court. By his pleading, he sought a determination that he was entitled to a contested case hearing before the Board prior to its determination that his mobile homes constituted two separate structures rather than one integrated structure. In that case, the district court determined that Robbins was not entitled

to the contested case hearing under the Wyoming Administrative Procedure Act, §§ 16–3–101 to –115, W.S.1977, and it dismissed his complaint. Robbins also prosecuted an appeal from that order.

 It is evident from the record in this case that Robbins never actually received anything in the way of permits, fees, connections, or service for which he did not pay. In essence, the District attempted to be paid in advance for the permits, fees, connections, and services that Robbins, according to its view, was obligated to obtain for the second mobile home. The pertinent language of the statute reads:

"(a) For and on behalf of the district the board of any district shall have the following powers:

* * * * * *

"(xxi) * * * To fix and from time to time to increase or decrease water and sewer rates, tolls or charges, including but not necessarily limited to use charges, connection fees and standby charges, for services or facilities furnished by the district, and to pledge such revenue for the payment of any indebtedness of the district. Until paid, all rates, tolls or charges shall constitute a perpetual lien on and against the property served, and *any such lien may be foreclosed in the same manner as provided by the laws of the state of Wyoming for the foreclosure of mechanics' liens. Before any such lien is foreclosed the district shall hold a hearing thereon after notice thereof by publication and by registered first class mail, postage prepaid, addressed to the last known owner at his last known address according to the records of the district and the real property assessment roll in the county in which the property is located.* The board shall shut off or discontinue service for delinquencies in the payment of such rates, tolls or charges, or in the payment of taxes or assessments levied pursuant to this act, and prescribe and enforce rules and regulations for the connection with and the disconnection from properties of the facilities of the district.

For health and sanitary purposes the board shall have the power to compel the owners of inhabited property within a sewer district to connect their property with the sewer system of such district and upon the failure to so connect within sixty (60) days after such written, mailed notice by the board so to do the board may cause such connection to be made and a lien to be filed against the property for the expense incurred in making such connection. No owner shall be compelled to connect his property with such system unless a service line is brought, by the district, to a point within four hundred (400) feet of his dwelling place; * * *." Section 41–10–113(a)(xxi), W.S.1977 (emphasis added).

This statute refers the district to the mechanics' lien statutes and the requirements of those statutes. One of those statutes provides, in pertinent part:

"(a) In order to have a perfected lien pursuant to this title, a lien claimant shall file with the county clerk a lien statement sworn to before a notary public. The county clerk shall file the statement and index by date, the name of claimant and property owner, and legal description.

"(b) The lien statement and the abstracts shall contain as appropriate the following information:

"(i) The name and address of the person seeking to enforce the lien;

"(ii) The amount claimed to be due and owing;

"(iii) The name of the person against whose property the lien is filed;

"(iv) *An itemized list setting forth and describing materials delivered or work performed;*

"(v) The name of the person against whom the lien claim is made;

"(vi) *The date when labor was last performed or services were last rendered or the date when the project was substantially completed;*

"(vii) The legal description of the premises where the materials were furnished or upon which the work was performed; and

"(viii) A copy of the contract, if available." Section 29–1–301, W.S.1977 (emphasis added).

It is apparent from this record that, at this point in time, the District could not satisfy those statutory requirements.

A number of remedies might well be invoked by the District in order to require Robbins to bring his property into compliance with the statutes, rules, and regulations that govern the operations of the District, *e.g.,* injunction, discontinuance of service, or an action for damages. Under the circumstances evidenced by this record, however, the mechanics' lien is a remedy that the District did not have available. Simply put, the District did not provide anything to Robbins in the form of permits, services, or connections, and that is a condition precedent to the vesting of jurisdiction in the district court in a mechanics' lien case to ascertain the existence of a valid lien. *See* Section 29–1–301, W.S.1977. A mechanics' lien is a creature of statute and, however equitable a lien claim may be, it does not exist unless the one claiming the land has substantially complied with all requirements of the statute. *Hamel v. American Continental Corporation,* 713 P.2d 1152 (Wyo.1986).

It is a fundamental proposition that, if a claim does not exist because the party attempting to invoke the lien statutes has not complied with the statutory requirements, there is no matter over which the district court may exercise jurisdiction. This court has the inherent power, and the duty, to address jurisdictional defects on appeal even though they have not been called to our attention by a litigant. *Parker v. Haller,* 751 P.2d 372 (Wyo.1988). In this instance, Robbins, at least by implication, called that matter to our attention. We are compelled to reverse the judgment of the district court in case No. 89–272. That case is remanded to the district court with directions to dismiss the complaint for failure to assert the statutory mechanics' lien requirements necessary to vest jurisdiction in the court.

■ Turning to Robbins's second appeal in which he claims that he was entitled to a

contested case hearing before the Board and that, absent such a full due process hearing, the Board could not make a determination that he was required to pay for a second water and sewer connection for his property, we are in accord with the district court. It ruled that no such contested case style hearing was required. We are satisfied that the hearing provided for under § 41–10–113(a)(xxi), W.S.1977, satisfies the basic requirements for due process of law that are implicated by the statutory scheme governing the operation of water and sewer districts. Our cases hold that procedural due process is satisfied if a person is afforded adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Higgins v. State ex rel. Workers' Compensation Division*, 739 P.2d 129 (Wyo.1987), *cert. denied* 484 U.S. 988, 108 S.Ct. 508, 98 L.Ed.2d 507 (1987). In *White v. Board of Trustees of Western Wyoming Community College*, 648 P.2d 528 (Wyo.1982), *cert. denied* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983), we summarize the constitutional principles that are demanded by the Constitution of the United States and prescribe that, where a state seeks to terminate a life, liberty, or property interest, the state must afford notice and an opportunity for hearing, appropriate to the case, before termination. *See Lentsch v. Marshall*, 741 F.2d 301 (10th Cir.1984).

We have no doubt that this is an instance in which the state is seeking to terminate a property interest. Given the circumstances, we conclude that the water and sewer district statutes provide for the hearing that Robbins actually was afforded. He did have notice of the claims of the District, and he did have an opportunity to present any and all evidence that he chose to present. He also had that opportunity in the context of questioning the conclusions of the employees of the District who had made the determination that he had two mobile homes on his property. To the extent that any further due process could be appropriate, it is clearly available both in terms of the need of the District to foreclose on its lien and the availability of a declaratory or injunctive relief such as that which Robbins sought. *See Gerstell v. Department of Revenue and Taxation*, 769 P.2d 389 (Wyo.1989).

To summarize, we affirm the decision of the district court dismissing Robbins's complaint for a declaratory judgment to the effect that he was entitled to a contested case style hearing under the Wyoming Administrative Procedure Act. We do reverse and remand the judgment of the district court that granted foreclosure to the District on its complaint seeking foreclosure of its lien on Robbins's property. Because of this disposition which encompasses a direction to dismiss the complaint, it is not necessary to address the other issues raised by Robbins.

The decision of the district court in case No. 89–273 is affirmed. The decision of the district court in case No. 89–272 is reversed, and that case is remanded to the district court with direction that the District's complaint be dismissed.