The STATE of Wyoming, ex rel., Gari R. EPP, Appellant (Petitioner),

v.

The MAYOR, Town Council and Building Inspector of the Town of Dubois; and Painted Valley, Inc., Appellees (Respondents).

Gari R. EPP, Appellant (Plaintiff),

v.

PAINTED VALLEY, INC., a Wyoming corporation, Appellee (Defendant).

Nos. 93–180, 93–181.

Supreme Court of Wyoming.

April 13, 1995.

Juline Christofferson, Jackson, and Jeffery R. Epp, Escondido, CA, for appellants.

Mark L. Carman of Williams, Porter, Day & Neville, P.C., Casper, for appellees, The Mayor, Town Council and Building Inspector of the Town of Dubois.

Vance Countryman and David B. Hooper of Hooper Law Offices, P.C., Riverton, for appellee, Painted Valley, Inc.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY, and TAYLOR, JJ.

THOMAS, Justice.

Gary R. Epp (Epp) sought to address asserted violations of the zoning ordinances of the Town of Dubois by seeking mandamus against the city officials (Dubois) and injunction against Painted Valley, Inc. (Painted Valley), the owner of the property claimed to be in violation. The trial court ruled the remedy of mandamus would not lie because there was no identification of a clear, certain, and indisputable duty owed by Dubois, and no injunction against Painted Valley would be granted because it had complied with the applicable permit and certification procedures. Epp offers a number of contentions in seeking review of the order of the trial court, but all of them relate to the failure of Dubois to enforce the provisions of its zoning ordinances in connection with the construction of a metal storage building by Painted Valley. We agree with the trial court that Epp failed to demonstrate the propriety of a writ of mandamus, but we hold, in addition, Epp's failure to pursue administrative relief and exhaust administrative remedies in accordance with the zoning ordinance forecloses the remedy of mandamus. We affirm the order of the trial court denying the writ of mandamus and dismissing the case.

Epp defines the following issues in his Brief of Appellant:

I. The town of Dubois zoning ordinance prohibits the construction of a "storage building" in a business "D" district.

II. The town of Dubois zoning ordinance prohibits expansion of a lumberyard in a business "D" district.

III. Nonconforming grandfathered uses may not be expanded, changed, altered or extended within a business "D" district.

IV. The 74 uses specifically prohibited by Sec. 18–30 do not have to be "injurious, noxious, or offensive by reason of odor, gas, smoke or noise" in order to be prohibited in a business "D" district.

V. The town of Dubois building inspector issued permit # 471 to Painted Valley Lumber, in violation of the Dubois zoning ordinance, resulting in an illegal permit under Sec. 18–4.

VI. The town council of Dubois, acting as the de facto board of adjustment or zoning committee, failed to review the illegally issued permit or otherwise enforce the Dubois zoning ordinance.

VII. The town of Dubois zoning ordinance, with zoning map adopted and incorporated by reference, had a decipherable map from the date of adoption to the present.

VIII. The town of Dubois has adopted a zoning ordinance pursuant to W.S. 15–1–601 in accordance with a comprehensive or "master" plan.

IX. The District Court erred in failing to make the appropriate findings of fact and conclusions of law necessary for the issuance of the writ of mandamus despite the overwhelming evidence in support thereof, and as a result erred in its dismissal of the petition for writ of mandamus, pursuant to W.S. 1–30–101, et. seq., and the complaint for enforcement of the town of Dubois zoning ordinance after a single hearing on an order to show cause.

Painted Valley, in its Brief of Appellee, advances the following three issues:

1. Whether Appellant followed the proper procedure for an appeal from the issuance of a building permit.

* Retired July 6, 1994.

2. Whether the Writ of Mandamus should have been issued.

3. Whether the court abused its discretion when the court denied Appellant's petition for a writ of mandamus.

In the Appellees the Mayor, Town Council and Building Inspector of the Town of Dubois's Brief, the only issue addressed relates to the propriety of mandamus and is articulated as:

Was the Petition for a Writ of Mandamus Properly Denied by the District Court?

In May of 1989, Bob Baker purchased the Dubois Builder's Supply, Inc. from Margaret Alexander. The business was and is located at 307 South First Street in Dubois. Baker incorporated the business, and it was renamed as Painted Valley, Inc. When Baker purchased the business, the materials for erection of a large metal storage building to house additional inventory, which had been planned by the prior owner, were on the property and were included in the purchase price.

In October of 1991, Baker applied for a building permit to construct the metal storage building on the premises. The application was completed by the town clerk, and Baker furnished a diagram of the building plans. Several weeks later, the city engineer came to Painted Valley and told Baker the permit had been approved. The approval by the city engineer was based on his opinion the metal storage building was an additional conforming use to an existing retail supply store or, alternatively, the metal building was a grandfathered used which was not prohibited by the Dubois zoning ordinance.

Construction on the building commenced in the late fall of 1991, but was discontinued during the winter months. The concrete foundation was completed by the early spring of 1992. Baker was mayor of Dubois at that time; he served as mayor from June of 1990 through May of 1992. In April of 1992, Epp asked Baker to reconsider his plans to construct the building because Epp, a member of the town architectural committee, believed the building would be an illegal infringement of zoning regulations. Epp also was of the opinion the building would not conform to the western atmosphere of the town of Dubois. Baker did not acquiesce, and Epp then sought injunctive relief, which was denied by the district court commissioner in July of 1992. The particular relief sought would have resulted in a rescission of Painted Valley's building permit.

The building was completed and, in October of 1992, Painted Valley sought a certificate of occupancy. A new building inspector reviewed the file and inspected the building. The new building inspector, as did the city engineer, determined the building either was a conforming use or a grandfathered, nonconforming use. Dubois could issue a certificate of occupancy for a grandfathered, nonconforming use so long as a conforming use was not displaced as a result. The new building inspector then issued two certificates of occupancy to Painted Valley. One allowed the building as a conforming use, and the second provided for the extension of a grandfathered, non-conforming use.

In the meantime, in September, Epp filed a petition seeking a writ of mandamus. The object was to force Dubois to remove the metal storage building Painted Valley had constructed. In July of 1993, the district court entered its order that the writ would not issue; dismissed the case against Dubois; and in the same order, dismissed the proceedings earlier filed against Painted Valley. Epp's appeal is taken from that order.

Epp contends Painted Valley does business as a lumber yard, which is a grandfathered, non-conforming use in a business "D" district under the Town of Dubois zoning regulations. His argument is that Painted Valley's permit for a metal "storage warehouse" was issued illegally by the city engineer because a grandfathered, non-conforming use in a business "D" district cannot be extended or expanded under the provisions of the Dubois ordinance under any circumstances. He also asserts ancillary and technical claims that the permit was deficient because a certificate of occupancy was not applied for "coincident with the application" for the building permit, and the application for the permit was not accompanied by a "statement of intended use."

The pertinent provisions of Chapter 18 of the Ordinances of the Town of Dubois, entitled "Zoning," are:

### Article III.  Administration.

\* \* \* \* \* \*

*Sec. 18–5.  Requirements for building permits.*

No permit shall be issued by the building inspector \* \* \* until a statement of the intended use has been filed by the applicant and unless the plans and intended use indicate that the building and premises are to conform in all respects to the provisions of this chapter, or unless such proposed building or use shall have been duly authorized by the board of adjustment.

\* \* \* \* \* \*

*Sec. 18–7.  Certificate of occupancy.*

No land shall be used or occupied, \* \* \* and no building hereafter erected, structurally altered or moved, shall be used or changed in use until a certificate of occupancy shall have been issued by the building inspector stating that the building or the proposed use thereof complies with the provisions of the zoning ordinance.  A like certificate shall be issued for the purpose of maintaining, renewing, changing, or extending a nonconforming use.  A certificate of occupancy, either for the whole or part of a building, **shall be applied for coincident with the application for a building permit** and shall be issued within ten days after the erection, structural alteration, or moving of such building, or part thereof, shall have been completed in conformity with the provisions of this title. (Emphasis added.)

\* \* \* \* \* \*

### Article VIII.  Business "D" District.

*Sec. 18–30.  Use.*

Buildings or premises may be used and buildings may be erected or structurally altered for use permitted in any residence district or for any other use except the following:

\* \* \* \* \* \*

46.   Lumber yard or planing mill;

\* \* \* \* \* \*

67.   Storage warehouse;

\* \* \* \* \* \*

75.   And in general those uses which may be injurious, noxious, or offensive by reason of omission [sic] of odor, smoke, gas or noise.

76.   All uses excluded from an Industrial "E" District.

\* \* \* \* \* \*

### Article XII.  Nonconforming Uses.

*Sec. 18–58.  Continuance of existing use.*

The lawful use of a building existing on the effective date of the ordinance codified in this chapter, or authorized by a building permit issued prior thereto, may be continued, although such use does not conform with the provisions of this chapter, and such use may be extended throughout the building.

*Sec. 18–59.  Extension.*

No nonconforming use shall be extended so as to displace a conforming residential use.  A nonconforming use may be changed to a use of the same or higher classification according to the provisions of this chapter \* \* \*.

▮   Before addressing the issues articulated by the parties, we consider, in the nature of a jurisdictional issue, the proposition Epp failed to pursue an appropriate administrative remedy.  We are satisfied Epp failed to follow an administrative review process provided by the zoning ordinance and, under precedent extant in Wyoming, he was required to do that.  The pertinent provision of Chapter 18 of the Ordinances of the Town of Dubois, entitled "Zoning," are:

### Article XIII.  Board of Adjustment— Appeals.

\* \* \* \* \* \*

*Sec. 18–64.  Appeal—Filing.*

Appeals to the Board may be taken by any person aggrieved or by any officer, department, board or bureau of the town of Dubois.  Such appeal shall be taken within a reasonable time not to exceed ten

days as provided by the rules of the board, **by filing with the officer from whom the appeal is taken and with the board,** a notice of appeal specifying the grounds thereof. The officer from whom the appeal is taken shall forthwith transmit to the board all papers constituting the record upon which the action appealed from was taken. (Emphasis added.)

\* \* \* \* \* \*

*Sec. 18–68. Board—Powers.*

The board shall have the following powers:

A. To hear and decide appeals when it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this chapter, or of any ordinance adopted pursuant thereto;

B. To hear and decide special exemptions to the terms of the ordinance upon which the board is required to pass under the ordinance;

C. To vary or adjust the strict application of any of the requirements of any ordinance adopted pursuant to this chapter in the case of an irregular, narrow, shallow, or steep lot or other physical condition applying to a lot or building as a result of which strict application would result in practical difficulty or unnecessary hardship that would deprive the owner of the reasonable use of the land or building involved. No adjustment in the strict application of any provision of such ordinance may be granted by the board unless it finds:

(1) That there are special circumstances or conditions, fully described in the findings of the board, applying to the land or building for which the adjustment is sought, which circumstances or conditions are peculiar to the land or building and do not apply generally to land or buildings in the neighborhood, and have not resulted from any act of the applicant subsequent to the adoption of the ordinance.

(2) That, for reasons fully set forth in the findings of the board, the circumstances or conditions are such that the strict application of the provisions of the ordinance would deprive the applicant of the reasonable use of the land or building, that the granting of the adjustment is necessary for the reasonable use of the land or building, and that the adjustment as granted by the board is the minimum adjustment that will accomplish this purpose; and

(3) That the granting of the adjustment will be in harmony with the general purposes and intend [sic] of the ordinance, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare;

D. To grant exceptions and variances upon request where, after a showing that an illegal construction or a nonconforming building or use existed for a period of at least five years in violation of local ordinance or ordinances and the city or town has not taken steps toward enforcement.

In exercising the above mentioned powers the board may, in conformity with law, reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination as ought to be made, and to that end shall have all powers of the officer from whom the appeal is taken.

As early as March of 1992, Epp was aware Painted Valley was pouring footings preparatory to the construction of the metal building. Epp raised this concern about the building permit at a town council meeting in March. Epp then approached Baker, expressing his concern about the legality of the building. In April, he went to the city hall to determine if a building permit, in fact, had been issued to Painted Valley and, at that time, he expressed his concerns to the new building inspector who started work that month. On May 12, 1992, he presented a letter to the mayor and town council in which he asked them to reconsider all building permits issued to "non-conforming" uses within the past two years, specifically referring to the Painted Valley and Intermountain Electric building permits.[1]

---

1. That letter, dated May 12, 1992, reads:

   To Dubois Town Council:

   I am here as a citizen to ask you to reconsider the building permit and moving permit issued to Intermountain Electric Inc.

These efforts evidence Epp's apparent displeasure with the metal building erected on Painted Valley's property. We are satisfied at the time, there was not an officially-appointed board of adjustment, and the board was not appointed until October 4, 1992. It is clear, however, Epp also was aware the town council served as the acting board of adjustment until a board could be appointed, and he is charged with knowledge of the remedy of administrative review. Epp should have sought review of the grant of the permit and, if he believed the council could not sit as the board of adjustment, should have demanded the appointment of the board. He did not pursue this remedy.

In *LeBeau v. State ex rel. White*, 377 P.2d 302 (Wyo.1963), in accordance with § 1–880, W.S.1957 [now WYO.STAT. § 1–30–104 (1988) ], we limited the writ of mandamus to those situations where there was no adequate remedy at law and pointed out that a right of appeal is a plain, speedy, and adequate remedy at law. That approach was consistent with *State ex rel. Walls v. State Bd. of Land Comm'rs*, 36 Wyo. 302, 254 P. 491 (1927). It would be an unfortunate policy decision to permit a party to avoid an administrative process which encompasses discretion by invoking the writ of mandamus. We emphasize the discretionary power of the board of adjustment in accordance with Section 18–68.B of the zoning ordinance to "hear and decide special exemptions to the terms of the ordinance." We hold the dismissal by the district court can be sustained because of the failure of Epp to invoke the administrative remedy.

In addition, we affirm the decision of the trial court that Epp did not establish the necessary elements to justify a writ of mandamus. Our statutes provide as follows:

> Legal research indicates that the approval of this permit is beyond the scope of the authority the Town has in our present zoning ordinance. The ordinance itself is inadequate in that it does not authorize the expansion of a non-comforming [sic] grandfathered use. By allowing the expansion of a non-conforming grandfathered use without a hearing to address that proposal, the Town is exceeding it's [sic] statutory authority and the result of the Towns [sic] action is in conflict with the prohibited uses.

Mandamus is a writ issued in the name of the state to an inferior tribunal, a corporation, board or person commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.

WYO.STAT. § 1–30–101 (1988).

The writ must not be issued when there is an adequate remedy at law. It may issue on the information of the party beneficially interested.

WYO.STAT. § 1–30–104 (1988).

When the right to require the performance of the act is clear and it is apparent that no valid excuse can be given for not performing it, a court may allow a peremptory mandamus. In all other cases an alternative writ must first be issued on the allowance of the court, or a judge thereof.

WYO.STAT. § 1–30–105 (1988).

■ As we have dealt with the application of this statutory remedy, we have held the purpose of mandamus is limited to compelling the performance of ministerial duties defined clearly and prescribed by Wyoming law. *Williams v. Stafford*, 589 P.2d 322 (Wyo.1979); *State ex rel. Irvine v. Brooks*, 14 Wyo. 393, 84 P. 488 (1906). The writ cannot issue when the petitioner has an adequate remedy at law; it cannot be invoked as a substitute for the appeals procedure; and it cannot be used to control the exercise of judicial discretion by lower tribunals. *State ex rel. Feeney v. Dist. Court of the Seventh Judicial Dist.*, 614 P.2d 710 (Wyo.1980); *LeBeau*. Mandamus will not lie unless the duty itself is absolute and incontrovertible, or clear, certain, and indisputable. *Wyoming Bd. of Equalization v. State ex rel. Basin Elec. Power Coop.*, 637 P.2d 248 (Wyo.1981);

> In addition, and for the same above reasons, I am also asking you to reconsider the building permit issued last October of 1991 to Painted Valley Lumber Inc. Further, I would like the Town to research all permits issued to nonconforming uses within the past two (2) years so that compliance can be initiated or mitigated in any appropriate cases.
>
> Respectfully,
> /S/
> Gari R. Epp

*State ex rel. Badley v. City of Sheridan,* 513 P.2d 647 (Wyo.1973); *LeBeau.*

■ These are classic requirements for the issuance of a writ of mandamus. When those requirements are compared with the zoning ordinance of the Town of Dubois, we note the board of adjustment is afforded the power "to hear and decide special exemptions" to the terms of the ordinance. The language of the ordinance affords discretionary powers with the board of adjustment. There is no demonstration of an incontrovertible duty that is not open to interpretation, question, or choice. Even if we accepted for purposes of argument Epp's contentions the building permit was issued in violation of Section 18–4 of the zoning ordinance because use of the building is prohibited as a storage building, a lumber yard, or an expansion, change, alteration or extension of a grandfathered, non-conforming use, we still are confronted with the discretion of the town council to "hear and decide special exemptions." Ordinances of the Town of Dubois, Zoning, Section 18–68.B. The ordinance itself affords sufficient discretion to the board of adjustment to foreclose any right to mandamus on Epp's part.

■ While it does not appear the injunction action and the petition for writ of mandamus ever were consolidated by the trial court, the order of dismissal manifests a *de facto* consolidation. We address, for that reason, Epp's contentions the building permit and the certificate of occupancy were not lawfully issued. Painted Valley complied with the requirements of the Dubois Zoning Ordinance as interpreted by the city engineer and the building inspector. Section 18–5 of that ordinance requires a "statement of intended use" to be filed by the applicant. Painted Valley furnished the information required in response to pertinent questions by the town clerk about the proposed construction of the storage building, and the clerk completed the standard form utilized by the Town of Dubois entitled "Application for Building Permit." That form does not have a separate space for an "intended use," but it is clear Painted Valley answered all questions asked of it. All information required by the form was provided. Furthermore, the form demonstrates on its face Painted Valley desired to erect a metal business building, sixty-eight feet by one-hundred ten feet, within the town limits.

With respect to the failure of Painted Valley to apply for a certificate of occupancy at the same time it applied for the building permit, as required by Section 18–7 of the zoning ordinance, Painted Valley, again, did what the clerk required. Baker was told by the city engineer first and, later the building inspector, that the metal storage building did conform with the zoning ordinance and, when it was completed, Painted Valley received two certificates of occupancy. Painted Valley followed the instructions provided by city personnel charged with the function of issuing building permits. We cannot discern the issuance of the permit was unlawful and, since Painted Valley held a properly issued building permit, there was no basis to afford injunctive relief to Epp.

■ Pursuing further the claim that the building was not lawfully constructed, we perceive the erection of the metal storage building by Painted Valley was not a change in use. Article XII of the Ordinances of the Town of Dubois—Zoning addresses the continuance and extension of non-conforming uses. Those provisions of the ordinance include these propositions:

*Sec. 18–58. Continuance of existing use.*

The lawful use of a building existing on the effective date of the ordinance codified in this chapter, or authorized by a building permit issued prior thereto, may be continued, although such use does not conform with the provisions of this chapter, and such use may be extended throughout the building.

*Sec. 18–59. Extension.*

**No nonconforming use shall be extended so as to displace a conforming residential use.** A nonconforming use may be changed to a use of the same or higher classification according to the provisions of this chapter. Whenever a district shall hereafter be changed, any then existing nonconforming uses in such changed district may be continued or changed to a use of a similar or higher classification,

provided all other regulations governing the new use are complied with. (Emphasis added.)

The city engineer determined the new metal storage building either was a conforming use or, alternatively, it was an extension of a grandfathered, non-conforming use. Epp contends the Painted Valley lumber yard is not a conforming use, but the parties agree it could be considered a grandfathered, non-conforming use according to the ordinance. It was erected pursuant to a duly authorized building permit, and its purpose was to store indoors building materials previously stored outdoors in substantially the same location on the business property. The operation by Painted Valley of a retail lumber yard may well be considered a conforming use. The new building then would be an adjunct to that conforming use as an accessory building which is defined as:

> [A] building subordinate to the main buildings on the same lot and used for purposes customarily incidental to those of the main building.

Ordinances of the Town of Dubois—Zoning, Article II, § 18–3.

On the other hand, if the lumber yard operated by Painted Valley is a grandfathered, nonconforming use, the storage building is simply an extension of that use which does not displace a conforming residential use. This approach is described in Article XII, § 18–59, Ordinances of the Town of Dubois—Zoning. We agree with the district court that it would not matter whether the storage building is an adjunct of a conforming or a non-conforming use; in either instance, the erection of the building did not constitute a change of use.

We affirm the decision of the district court to deny the writ of mandamus because mandamus cannot be used to avoid an appropriate administrative remedy, and Epp failed to demonstrate the statutory grounds for the issuance of a writ of mandamus. In addition, we affirm the denial of injunctive relief on the ground Painted Valley complied with the ordinance and, like the district court, we are

not persuaded there is any demonstration of an unlawful use.