**ALLENDALE WATER AND SEWER DISTRICT, a special district formed under the laws of the State of Wyoming, Appellant (Respondent),**

v.

**The STATE of Wyoming, ex rel., William HANSULD and Tia Hansuld, husband and wife, Appellees (Petitioners).**

No. 95–268.

Supreme Court of Wyoming.

July 8, 1996.

R.E. Rauchfuss of Beech Street Law Offices, Casper, for appellant.

Phillip T. Willoughby, Casper, for appellees.

Before GOLDEN, C.J.,* and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

The primary issue in this case is whether a writ of mandamus was properly entered against Appellant Allendale Water and Sewer District (District) by property owners claiming they had not received sufficient benefit from water and sewer improvements. We hold the writ of mandamus is not available as a remedy to resolve this issue. The order granting summary judgment to Appellees The State of Wyoming, *ex rel.,* William Hansuld and Tia Hansuld, (Hansulds) is reversed and remanded with instructions to dismiss the petition for writ of mandamus and to hear the District's counterclaim.

District presents the following issues for our review:

1. Whether the trial court erred as a matter of law in granting summary judgment to Appellees declaring both the Lien and the Assessment filed by Allendale Water and Sewer District void and of no force and effect and invalid under *Robbins v. South Cheyenne Water and Sewage District,* 792 P.2d 1380 (Wyo.1990).

* Chief Justice at time of oral argument.

2. Whether the trial court erred in not granting Appellant's Motion for Summary Judgment.

3. Whether Appellees were barred from challenging the legal validity of either the Lien or the Assessment by estoppel, the statute of limitations, laches or waiver.

4. Whether the trial court lacked jurisdiction over the subject matter and parties.

5. Whether the trial court erred in not granting Appellant's Motion to Dismiss for failure to join necessary and indispensable parties.

6. Whether the trial court erred as a matter of law in granting Appellees' Writ of Mandamus and not granting Appellant's Motion to Dismiss because Appellees' Petition failed to state a cause of action upon which relief could be granted.

Hansulds present these issues:

1. Did the District Court lack jurisdiction to enter a final order.

 A. Were administrative remedies available to the Appellee.

 B. Was jurisdiction barred by a statute of limitations.

2. Were necessary and indispensable parties not joined.

3. Did Appellees' petition fail to state a cause of action upon which relief could be granted.

4. Did the trial court err in granting Appellee's motion for Summary Judgment.

## FACTS

In 1983, the Allendale Water and Sewer District (District) and the City of Casper entered into an agreement to replace water and sewer main lines in the Allendale District. The new main lines resulted in special assessments and mill levies against property in the Allendale District. The Hansulds' property, which they acquired in 1993, was assessed. The Hansulds acquired a tax lien on the property in the district and ultimately acquired title to it, but failed, however, to check for delinquent assessments. The property had delinquent assessment and levy charges of $2,668.58 against it for the years 1986 through 1992. The District filed a lien against the property on July 26, 1993. At District meetings, the Hansulds requested the assessment and levy charges be waived because the water and sewer main lines were at least 500 feet from the property. It was estimated it would cost $35 to $45 per linear foot to connect their property. The District determined it could not forgive the delinquencies.

On May 17, 1994, the Hansulds filed a petition for a writ of mandamus against the District requesting an order be entered directing the officials of the District rescind the special taxation levied against the Hansulds' properties or construct lines to their property. In their petition, the Hansulds conceded that the District is granted authority to assess special assessment taxation to pay for the water and sewer improvements, but contended they were injured by excessive or improper special assessment taxes levied against their real property. That contention was supported by declarations that the District had benefitted some properties by providing water and sewer services to the property line whereas others, such as the Hansulds, would have to construct water and sewer mains within the roadways to their properties and then construct lines from the mains to actually serve the properties. To establish the elements for a writ of mandamus, the petition alleged that the District had failed to carry out or have carried out beyond its authority a ministerial duty which is defined and required by law:

> Specifically, 1) they have assessed special taxation upon the petitioner's real property beyond the authority granted, 2) they have assessed special taxation upon the petitioner's property unequally and favorable to certain property owners, and 3) they have threatened to cause petitioner's property to be sold for taxes or the title clouded as a result of the inequality of the special assessment.

The District filed a motion to dismiss, which the district court denied, and a counterclaim seeking foreclosure on its lien. Following summary judgment motions by both parties, the district court granted summary judgment to the Hansulds and issued an order declaring the lien invalid and enlarging

relief to include the declaration that the assessment was also invalid. This appeal followed.

## DISCUSSION

The basis for the district court's decision was its acceptance of Hansulds' contention that the assessment and lien were invalid as a matter of law because the constructed water and sewer mains did not serve or benefit their property. The district court relied on this Court's decision in *Robbins v. South Cheyenne Water and Sewage District,* 792 P.2d 1380 (Wyo.1990).

*Robbins* held that the South Cheyenne Water and Sewage District (Cheyenne district) could not assert and foreclose its perpetual lien on property when no services, work, or materials had been furnished to owner. *Robbins,* 792 P.2d at 1381. In *Robbins,* the Cheyenne district billed Robbins for a second water and sewer connection after learning there were two mobile homes on the property. Robbins refused to pay, contending these two homes constituted only one dwelling and demonstrating he had connected both to one water and sewer line. This practice was permissible when Robbins connected the two; however, the law later changed causing the Cheyenne district to bill Robbins for the permits, water tap, and connections he should have made for the second dwelling. When Robbins did not pay, the Cheyenne district asserted and foreclosed a lien on the property. This Court ruled that the district court did not have jurisdiction to foreclose the lien because the District did not actually provide any permits, services, or connections for the second water tap and sewer connection, as required by the statute, WYO. STAT. § 41–10–113(a)(xxi) (1977). *Robbins,* 792 P.2d at 1384.

Relying on that case, Hansulds asserted that *Robbins* prohibited a lien on property by a water and sewer district when improvements did not benefit the property. On that basis, the district court issued a writ of mandamus on motion for summary judgment and declared the assessment invalid. *Robbins* is not applicable to this case because it interpreted the statutory requirements for the assertion and foreclosure of liens for specific actions to a particular lot. *Robbins,* 792 P.2d at 1383–84. The issue presented by the order granted the Hansulds is whether an assessment and levy against property in a district for water and sewer mains is valid when the property owner must bear the cost of connecting his particular property to the mains.

A writ of mandamus will issue only where the duty to be performed is ministerial and the obligation is peremptory and plainly defined. *State ex rel. Sweetwater Cty. Sch. Dist. No. 1 v. Ohman,* 895 P.2d 49, 54 (Wyo. 1995) (citing *LeBeau v. State ex rel. White,* 377 P.2d 302, 303 (Wyo.1963)). Mandamus is not the proper remedy if a plain and adequate remedy of law exists and cannot substitute for an appeal. *Ohman,* 895 P.2d at 54; *LeBeau,* 377 P.2d at 304.

The law must not only authorize the demanded action but require it; and the duty must be clear and undisputable.

\* \* \* \* \* \*

[I]n order to warrant the issuance of mandamus, not only must there be a legal right in the relator, but owing to the extraordinary and drastic character of mandamus and the caution exercised by courts in awarding it, it is also important that the right sought to be enforced be clear and certain, so as not to admit of any reasonable controversy. The writ does not issue in cases where the right in question is doubtful.

*Ohman,* 895 P.2d at 54 (citing *LeBeau,* 377 P.2d at 303).

In this case, mandamus is not the proper remedy for determining whether the assessment is valid. Hansulds only offered the *Robbins* decision as authority that the law required the action and, as we have seen, were incorrect in doing so. Additionally, the *Robbins* decision discusses the remedy at law available to the Hansulds for resolving this issue. *Robbins,* 792 P.2d at 1384–85. *Robbins* held that when the state, through a water and sewer district, seeks to terminate a property interest, the property owner is entitled to adequate notice and an opportunity to be heard at a meaningful time and in a

meaningful manner. *Robbins,* 792 P.2d at 1385. We held that the statutory scheme governing the operation of water and sewer districts satisfies the basic requirement for due process of law. *Id.* As in *Robbins,* the Hansulds did have notice of the claims of the District and did have an opportunity to present any and all evidence that they chose and had an opportunity to challenge the District's conclusions. *Robbins,* 792 P.2d at 1385. Since the District sought to foreclose their lien, like Robbins, Hansulds had further due process available through that process or could have brought a declaratory judgment or injunctive relief action unless a statute of limitations barred their action. *Id.*

██ When a reasonable controversy or an adequate remedy at law exists, mandamus is improper. The present state of the record does not permit us to address the other issues presented. The decision of the district court is reversed and remanded with instructions to dismiss the petition for writ of mandamus and hear the District's counterclaim.