The STATE of Wyoming, ex rel., Joel BAKER and Bonnie Baker, husband and wife, Appellants (Petitioners),

v.

Larry STRANGE, in his capacity as Building Inspector for the City of Green River, Appellee (Respondent).

No. 97-72.

Supreme Court of Wyoming.

July 2, 1998

Richard Mathey of Reese & Mathey, Green River, for Appellants(Petitioners).

Ford T. Bussart of Bussart, West, Rossetti, Piaia & Tyler, P.C., Rock Springs, for Appellee(Respondent).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

THOMAS, Justice.

The only question in this case is whether Joel Baker and Bonnie Baker (the Bakers) were foreclosed from the remedy of mandamus because they had an adequate remedy at law in the form of judicial review of the decision of Larry Strange (Strange), the Building Inspector for the City of Green River. The district court denied the Bakers' Petition for a Writ of Mandamus on the ground that they did have an adequate remedy at law. The Bakers contended that judicial review was not an adequate remedy because the ten day period for seeking judicial review under the ordinance of the City of Green River expired before they knew of the unlawful nature of Strange's action in granting a building permit to their neighbor. We hold that the period for seeking judicial review was governed by statute not the Green River ordinance, but that the Bakers failed to

* Chief Justice at the time of oral argument.

pursue judicial review within a reasonable time after they knew of the violation. The Order of Dismissal entered in the district court is affirmed.

In the Brief of Appellants, filed on behalf of the Bakers, the issue is limited to resolution under the city ordinance, and is stated in this way:

> Whether the trial court erred in its interpretation of § 1.6(E)(1) of the Zoning Ordinance of the City of Green River.

This statement of the issues is set forth in the Brief of Appellee, filed on behalf of Strange, in his capacity as building inspector for the City of Green River:

1. Whether the trial court correctly interpreted the meaning and effect of § 1.6(E)(1) of the zoning ordinance of the City of Green River?

2. Whether the trial court correctly concluded that mandamus was precluded by Appellants' failure to exhaust their administrative remedies?

3. Whether the trial court correctly concluded that Appellants' Petition for Writ of Mandamus would not lie due to the availability of an adequate remedy at law?

Appellants' Reply Brief simply recited the issues listed in the Brief of Appellee.

The Bakers owned a lot in Green River across the alley from Bob Lewis (Lewis). On August 29, 1995, Strange, the building inspector for the City of Green River, issued a building permit to Lewis. The permit authorized Lewis to construct a building on his lot provided that the building conformed in all respects to the ordinances of the City of Green River. Lewis commenced construction pursuant to the authorization of the permit in the fall of 1995. The Bakers monitored the construction of the building from September 1995 until it was completed.

The Bakers did not suspect any violation of the zoning ordinances until the structure was framed on November 21, 1995. They then spent the next five months, until April 11, 1996, investigating zoning violations. The Bakers concluded that the structure was in violation of at least nine sections of the zoning ordinance of the City of Green River. In an attempt to remedy these violations, on April 11, 1996, the Bakers wrote to Strange demanding he enforce the zoning ordinance. Other than the letter to Strange, the Bakers took no action to resolve the problem before any agency of the City of Green River.

Strange had not responded to the Baker's request by July 19, 1996, and they filed a Petition for Writ of Mandamus seeking to require him to enforce the zoning ordinance and correct the zoning violations. Strange moved to dismiss the Bakers' petition on the ground that they had failed to exhaust administrative remedies. In ruling on the issues, the district court did not strictly apply the ordinance of the City of Green River, but it held that the Bakers could have pursued their administrative remedy within ten days after they learned of the violation.

The essential facts concerning the attempt by the Bakers to pursue administrative review are not disputed by the parties, and whether an adequate remedy at law was available is a question of law for the court. It was appropriate for the district court to rule on the case as a matter of law. *See Board of County Com'rs v. Geringer,* 941 P.2d 742, 745 (Wyo.1997); *Hermreck v. United Parcel Service, Inc.,* 938 P.2d 863, 866 (Wyo.1997). Our review of rulings of law is plenary. In accomplishing that review, we do not accord deference to the district court's determination of those issues. *V–1 Oil Co. v. State,* 934 P.2d 740, 742 (Wyo.1997); *Griess v. Office of the Atty. Gen., Div. of Criminal Investigation,* 932 P.2d 734, 736 (Wyo.1997); *Pete Lien & Sons, Inc. v. Ellsworth Peck Const. Co.,* 896 P.2d 761, 762 (Wyo.1995); *Harbel v. Wintermute,* 883 P.2d 359, 362 (Wyo.1994).

The Bakers' contention in the trial court and in their appeal is that they had no adequate remedy at law because the period of time for seeking review before the board of adjustment had expired before they learned of the violations of the zoning ordinance. The ordinance addresses appeals with this language:

(E) *Appeals:*

(1) Any order or decision of the designated enforcement official relating to struc-

tures may be appealed to the board of adjustment by any person or agency aggrieved by any such order or decision. **Any such appeal shall be taken within ten (10) days from the date of the action appealed from by filing a notice of appeal** specifying the grounds for the appeal with the secretary of the board and a copy of the notice of appeal with the designated enforcement official. Forms shall be provided for this purpose. Upon receipt of a notice of appeal, the designated enforcement official shall transmit to the board of adjustment all of the original documents, or true copies thereof, constituting the record upon which the action appealed from was taken.

Green River Zoning Ordinance App. B § 1.6(E)(1) (1987) (emphasis added). The Bakers argue that the order or decision by Strange was the issuance of the building permit on August 29, 1995, and they did not learn of the violations of the zoning ordinance until almost three months later. If the ordinance were the only articulation of a right to seek review of the zoning permit, the position of the Bakers would be appealing.

▆▆▆ The right of review from a city agency in such instances, however, also is addressed by this language in our Wyoming statutes:

(a) Any aggrieved person or any officer, department, board or bureau of the city or town affected by any decision of the administrative officer may appeal to the board. **Appeals shall be taken within a reasonable time** as provided by the rules of the board by filing with the officer from whom the appeal is taken and with the board a notice of appeal specifying the grounds therefor. The officer from whom the appeal is taken shall immediately transmit to the board the complete record of the action from which the appeal is taken.

WYO. STAT. § 15–1–607(a) (1992) (emphasis added). The provisions of the statute and the ordinance are not consistent. Under the statute the appeal is to be taken within a reasonable time, while that time is limited to

ten days by the Green River zoning ordinance. The authority of a municipality to adopt a zoning ordinance is limited by state statute, and the general grant of power to municipalities to adopt zoning laws in the interest of public welfare does not permit the local governing bodies to override the state law and the policies supporting it. *City of Green River v. Debernardi Const. Co., Inc.,* 816 P.2d 1287, 1290–91 (Wyo.1991); *Vandehei Developers v. Public Service Com'n of Wyoming,* 790 P.2d 1282, 1286–87 (Wyo. 1990). *See also, River Springs Ltd. Liability Co. v. Board of County Com'rs of Teton,* 899 P.2d 1329, 1337 (Wyo.1995) (a county may only regulate mineral activity in such a way that it does not conflict with state regulation). The justification for this rule of law is that municipalities have no sovereignty independent from that of the state, and the only power available to them is the power that has been delegated to them by the state. *City of Green River,* 816 P.2d at 1290; *K N Energy, Inc. v. City of Casper,* 755 P.2d 207, 210 (Wyo.1988). The statute takes precedence over the municipal ordinance, and the Bakers had the right to appeal to the board of adjustment within a reasonable time. In this aspect of the case, we agree with the suggestion of the district court that the reasonable time would not begin to run until the Bakers learned of the violation; requiring them to seek review earlier would not be reasonable.

▆▆▆ We turn then to the chronology of the material events. It is clear that the Bakers, after learning of the apparent zoning violations, did not take any action with respect to them, other than sending a letter to Strange requesting that he remedy the zoning violations. When a plain and adequate remedy at law is available, the writ of mandamus is not an appropriate remedy. *Allendale Water and Sewer Dist. v. State ex rel. Hansuld,* 919 P.2d 146, 149 (Wyo.1996); *LeBeau v. State ex rel. White,* 377 P.2d 302, 304 (Wyo.1963). Mandamus is not intended to serve the purpose of other remedies, and it is not available as a substitute for an appeal. *Allendale Water and Sewer Dist.,* 919 P.2d at 149; *State ex rel. Sweetwater County School Dist. No. One v. Ohman,* 895 P.2d 49, 54 (Wyo.1995).

This case is very similar to *State ex rel. Epp v. Mayor*, 894 P.2d 590 (Wyo.1995). In *State ex rel. Epp*, a member of the town architecture committee sought mandamus against town officials seeking to force the removal of a building claimed to have been erected in violation of the town zoning ordinances. *State ex rel. Epp*, 894 P.2d at 591. We held in that case that the remedy of mandamus was not appropriate because the party had failed to exhaust administrative remedies by not pursuing the action through the local board of adjustment. *State ex rel. Epp*, 894 P.2d at 596. In this case, the Bakers made no effort to obtain review of the issuance of the permit by the board of adjustment. They simply assumed that they were excused from doing that because the ten day period under the city ordinance had expired by the time they learned of the violations. In light of our holding that they had a reasonable time to seek review before the board of adjustments after they learned of the violation, however, they are not excused from pursuing the legal remedy. We need not address, as the district court did not address under the city ordinance, the question of when the reasonable time expired. The pertinent feature in this case is that, like the petitioner in *State ex rel. Epp*, the Bakers made no effort to pursue an available administrative remedy. That precludes them from seeking relief by way of a petition for writ of mandamus.

The Order of Dismissal entered in the district court is affirmed.